No. 41,379

In the Matter of the Estate of Harry P. Rooney, deceased. HARRY
B. TILLER, *Appellant* and *Cross-Appellee*, v. MARGUERITE ROONEY,
Executrix, *Appellee* and *Cross-Appellant*.

(349 P. 2d 916)

Opinion filed
March 5, 1960.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J.
Wirth Sargent, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James
W. Sargent, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel, John
W. Brimer* and *Harry L. Hobson,* all of Wichita, were with him on the brief
for the appellant and cross-appellee.

*Charles Rooney, Sr.,* of Topeka, argued the cause, and *Charles Rooney Jr.,*
and *James L. Galle,* both of Topeka, were with him on the brief for the appellee
and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This appeal and cross-appeal represent further litiga-
tion in the estate of Harry P. Rooney, deceased (see *In re Estate of
Rooney,* 181 Kan. 1029, 317 P. 2d 416).

The appeal presents the question of proper apportionment of
federal estate taxes among the beneficiaries under the will of de-
cedent upon the final settlement of his estate.

The cross-appeal involves the question whether the estate of de-
cedent is liable for payment of attorney fees in the former case.

We first discuss the appeal.

Upon final settlement of the estate it was determined by the federal taxing authorities that the "net estate before marital deduction" amounted to $296,787.59. The marital deduction was fixed at $148,393.79, thus leaving $148,393.80 subject to federal estate tax. The federal estate tax was computed at $17,063.12. These figures are not in dispute.

Harry Bernard Tiller (hereafter referred to as Tiller), nephew of decedent and appellant here, was devised a quarter section of land, less certain mineral rights, by item III of decedent's will. The devise was upheld in the former appeal, above.

Item XV of the will provides:

"I further direct that the Federal and State Inheritance taxes which will be assessed against my estate be paid by the beneficiaries under the terms of my Will, each their proportionate share, and that my Executor hereinafter named is authorized to enforce the payment by each beneficiary for his or her share even though it were necessary for the Executor to sell the defaulting beneficiary's devise or bequest for the purpose of payment of said tax."

The devise to Tiller was valued at $16,000. Upon final settlement of the estate the executrix (widow), in computing the federal estate tax apportionment, took for herself the full benefit of the marital deduction allowed to the estate. That is to say, with respect to Tiller (and also the other beneficiaries), his proportionate share of the amount of federal tax ($17,063.12) to be paid was figured on the ratio that his $16,000 devise bore to the estate, *excluding* the marital deduction. In other words, by *excluding* the amount of marital deduction his devise amounted to 10.78% of the estate, resulting in a tax to him of $1,839.40. By *including* the amount of the marital deduction the value of his devise would have amounted to 5.391% of the estate, resulting in a tax to him of $919.87.

The trial court held that in computing the proportionate amount of the tax owed by each beneficiary, in accordance with item XV of the will, above quoted, the marital deduction was to be *excluded,* and in so ruling stated in part:

"It appears to this Court that the so-called marital deduction is in fact an exclusion. The property, or value thereof, set aside to the widow is not property subject to the Federal Estate Tax as a part of the estate of the testator. It is included in the tax return only for the purpose of calculating the widow's one-half interest (for estate taxes purposes) in the jointly owned property, and will be subject to taxation on the widow's estate at her death.

"Thus the marital deduction is distinguished from the estate deduction or exemption of $60,000 since the latter is included in the taxable property, although no tax is levied on said $60,000.

"Therefore, the words of the Will 'taxes which will be assessed against my estate' necessarily excludes the marital deduction since the same is not taxable property of the estate of Harry P. Rooney, deceased."

Tiller has appealed from that ruling and claims that he thus was "overcharged" in the amount of $919.53, his contention being that the tax should be paid by the beneficaries on the basis of the value of property succeeded to by each beneficiary in relation to the value of the property in the *gross* estate.

We here quote several provisions of the Internal Revenue Code, being Title 26 U. S. C. A.:

"§ 2001.   RATE OF TAX.

"A tax computed in accordance with the following table is hereby imposed on the transfer of the taxable estate, determined as provided in section 2051, of every decedent, citizen or resident of the United States dying after the date of enactment of this title:   .   .   ."

"§ 2051.   DEFINITION OF TAXABLE ESTATE.

"For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the exemption and deductions provided for in this part.   .   .   ."

"§ 2052.   EXEMPTION.

"For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate an exemption of $60,000.   .   .   ."

"§ 2056.   BEQUESTS, ETC., TO SURVIVING SPOUSE.

"(*a*) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (*b*), (*c*), and (*d*), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.   .   .   .   .   ."

In our opinion the trial court reached a correct conclusion in this matter.   The provision of the will is that "taxes which will be assessed against my estate" be paid by the beneficiaries "each their proportionate share."   The effect of the ruling below is to prorate the $17,063.12 federal tax liability among the beneficiaries in the ratio of the amount of property subject to tax received by each to the total amount of property of the estate subject to tax.

Our attention has been directed to the case of *Williamson, Adm'x v. Williamson,* 224 Ark. 141, 272 S. W. 2d 72, in which the Supreme Court of Arkansas, in construing a statute of that state the provisions of which are very similar to item XV of the will, above, reached a conclusion contrary to the views herein expressed. We have examined and considered that decision and, while it is

persuasive, we nevertheless believe that here the trial court's decision was correct, and as to the appeal the judgment is affirmed.

This brings us to the cross-appeal.

Following the death of Harry P. Rooney his widow qualified and entered upon her duties as executrix of his will. As the opinion in the former appeal discloses, she immediately made claim to the quarter section which in item III of the will was devised to Tiller. He filed a petition in the probate court to require her to include the property in the inventory of the estate. The probate court denied his petition, and on appeal to the district court it was allowed. From that ruling the widow, personally and as executrix, appealed to this court, and our opinion discloses the questions involved. We affirmed.

Upon final settlement of the estate the district court, upon certification of the matter from the probate court, heard evidence relating to the allowance of an attorney fee for Tiller's counsel. Considering the amount, nature and extent of the litigation involved, the court allowed a reasonable attorney fee and ordered that it be paid out of funds of the estate.

From that order the executrix filed a cross-appeal to this court, and the only question is whether the allowance of an attorney fee for Tiller's counsel was a proper charge against the estate.

Both parties refer to our statute, G. S. 1949, 59-1504, which reads in part:

". . . Whenever any person named in a will or codicil defends it, or prosecutes any proceedings in good faith and with just cause, for the purpose of having it admitted to probate, whether successful or not, or if any person successfully opposes the probate of any will or codicil, he shall be allowed out of the estate his necessary expenses and disbursements in such proceedings, together with such compensation for his services and those of his attorneys as shall be just and proper."

and to several of our decisions, none of which appears to be factually in point.

We regard the question presented as rather close, but are inclined to the view that under all of the facts and circumstances of the litigation as shown by our opinion in the former appeal, payment of an attorney fee for Tiller's counsel was a proper charge against the estate. Although factually dissimilar, see *In re Estate of Sowder*, 185 Kan. 74, syl. 3 and pp. 86 and 87, 340 P. 2d 907, for a statement of general principles involved. We are unable to say the trial court erred in the matter, and as to the cross-appeal the judgment is likewise affirmed.