No. 46,211

STANLEY SPURRIER, JR., Executor of the Will of Frank L. Christopher, Deceased, *Appellant*, v. FIRST NATIONAL BANK OF WICHITA, Executor of the Will of Birdie M. Christopher, Deceased, *Appellee*.

(485 P. 2d 209)

Opinion filed May 15, 1971.

*Richard W. Holmes*, of Holmes, Darrah and Mellor, Wichita, argued the cause, and was on the brief for the appellant.

*James D. Dye*, of Bever, Dye, Mustard & Belin, Wichita, argued the cause, and *Ralph Gilchrist*, of Gilchrist & Buck, Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a declaratory judgment action to determine whether the statutory share distributable to a widow as a result of her election to take under the law and against the will of her deceased husband is to be charged with any part of the federal estate tax imposed on the husband's estate.

Frank L. Christopher, of Wichita, died testate on November 9, 1967, leaving an estate subject to probate in excess of $4,000,000. Stanley Spurrier (appellant herein) was duly appointed executor of the will by the probate court of Sedgwick county. The widow, Birdie M. Christopher, filed her timely election to take under the law as permitted by K. S. A. 59-603. On December 25, 1968, the widow died testate and the First National Bank of Wichita (appellee herein) was duly appointed executor of her will.

In preparing the federal estate tax return for the husband's estate, his executor charged the share to be received by the widow with its proportionate amount of the husband's federal estate tax. This resulted in the widow's share, calculated at $2,106,879.34, being reduced by $410,407.35 (one-half of the federal estate tax

on the husband's estate). The executor of the widow's estate took exception and contended that the widow's share, to the extent it qualified for the marital deduction under the provisions of the Internal Revenue Code (not exceeding one-half the value of the adjusted gross estate), should not be charged with or reduced by any part of the federal estate tax levied on the husband's estate. In order to resolve this controversy the present action was filed.

The district court heard the matter on stipulated facts and concluded that the statutory share of the widow, to the extent it did not exceed the maximum allowable marital deduction, should not be diminished by any portion of the husband's federal estate tax; hence, this appeal.

At the outset we are told that under the method of computation utilized by appellant, not only is the widow's share reduced by $410,407.35, but also the total federal estate tax on the husband's estate will be approximately $155,086.92 more than under the method approved by the trial court.

Under provisions of the Internal Revenue Code, the federal estate tax is imposed on the transfer of the taxable estate of the decedent. (26 U. S. C. A. § 2001.) The value of the taxable estate is determined by deducting from the value of the gross estate the exemption of $60,000 and certain deductions. (26 U. S. C. A. § 2051, 2052.) One such deduction, called the marital deduction, is an amount equal to the value of any interest in property which passes or has passed from the decedent to the surviving spouse, but not exceeding 50% of the value of the "adjusted gross estate." (26 U. S. C. A. § 2056.)

The marital deduction was written into the Internal Revenue Code in 1948 in order to place taxpayers in common-law states on an equal basis taxwise with those in community-property states. In general, the deduction was intended to permit a surviving spouse to take a portion of the decedent's estate free of the burden of federal estate taxes. (1948 U. S. Code Cong. Serv. Vol. 2, pp. 1188-1191; Senate Rep. No. 1013, 80th Congress, 2d Session, 1948-1 I. R. B.)

Congress made no attempt in the revenue laws to provide for distribution of the burden of the federal estate tax. The code merely contemplates that the federal estate tax shall be paid out of the taxable estate unless otherwise directed by decedent's will. Thus, when there is no direction in the will or decedent dies intes-

tate, federal statutes leave it to the states to determine how the tax burden shall be distributed among those who share in the taxed estate. (*In re Estate of West*, 203 Kan. 404, 454 P. 2d 462.) In *Riggs v. Del Drago*, 317 U. S. 95, 87 L. ed. 106, 63 S. Ct. 109, the United States Supreme Court said:

"We are of the opinion that Congress intended that the federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; . . ." (pp. 97-98.)

(Also, see, *Fernandez v. Wiener.*, 326 U. S. 340, 90 L. ed. 116, 66 S. Ct. 178.)

In this jurisdiction, when a widow renounces benefits attempted to be conferred upon her under the will of her husband and elects to take under the statute (K. S. A. 59-603), she receives the share of his estate that she would have taken had he died intestate. Her share is carved out of the estate according to the laws of intestate succession, just as if no will had been made. (*Tomb v. Bardo*, 153 Kan. 766, 114 P. 2d 320; *Ashelford v. Chapman*, 81 Kan. 312, 105 Pac. 534.)

The share to be received by a surviving spouse who elects to take under the law is subject to the provisions of K. S. A. 59-502 which read as follows:

"Subject to any homestead rights, the allowances provided in section 21 [59-403], and the payment of reasonable funeral expenses, expenses of last sickness and costs of administration, *taxes,* and debts, the property of a resident decedent, who dies intestate, shall at the time of his death pass by intestate succession as provided in this article." [Emphasis added.]

This brings us to the question of whether the statute requires that the widow's share qualifying for the marital deduction be subjected to its proportion of the federal estate tax. The parties concede that under the foregoing statute her share of the estate is determined after payment of debts and costs of administration, and that such share is burdened by state inheritance taxes and the federal estate tax on all amounts which do not qualify for the marital deduction.

Appellant takes the position that prior to enactment of the marital deduction in 1948, the entire federal estate tax would have been paid before calculation of any distributive share; *i. e.,* the word "taxes" in K. S. A. 59-502 included the federal estate tax assessed against the estate. Appellant argues that the result should be the same after the marital deduction came into existence in the absence

of a specific statute implementing the tax advantage contemplated by Congress. Under this view, since the legislature has not seen fit to change the statute and relieve the surviving spouse from the burden of the federal estate tax, to the extent of the marital deduction, appellant urges that this court should decline to do so by resorting to the application of equitable principles.

In a number of states there are specific statutes providing for the apportionment of the federal estate tax. Those statutes, in the main, were intended to prevent the burden of the federal estate taxes from falling on residuary legatees, and to cause each person who took from a decedent to pay that part of the tax which accrued by reason of the value of the property he took. In addition, most of those statutes, either expressly or as construed by the courts, provide that any deduction allowed the surviving spouse should inure to the benefit of such spouse, and thus, the surviving spouse pays no federal estate tax by reason of the fact he or she received a portion of decedent's estate in the form of a marital deduction. (See, *Hammond v. Wheeler,* 347 S. W. 2d 884 [Mo. 1961].)

Kansas has not enacted an apportionment statute. That being the case, this court has held in accord with the general rule that in the absence of anything in the will to the contrary, the burden of federal estate taxes falls on the residuary estate. (*In re Estate of West,* supra; *Central Trust Co. v. Burrow,* 144 Kan. 79, 58 P. 2d 469.)

The only occasion on which this court has been confronted with the question of whether the marital deduction was to be burdened with a proportionate share of the federal estate tax was *In re Estate of Rooney,* 186 Kan. 200, 349 P. 2d 916. There, decedent's will provided that "Federal and State Inheritance taxes which will be assessed against my estate" be paid by the beneficiaries "each their proportionate share." Upon final settlement of the estate, the executrix (widow), in computing the federal estate tax apportionment among the beneficiaries, took for herself the full marital deduction free of any burden of the tax. One of the beneficiaries took exception to this distribution and apportionment, claiming that his share was reduced by a larger portion of the tax than was properly chargeable to him and that the tax should have been spread over the entire estate, including the widow's one-half which qualified for the marital deduction. The district court, in holding

that for purposes of computing the proportionate amount of the tax owed by each beneficiary the marital deduction property was to be *excluded,* said:

> " 'It appears to this Court that the so-called marital deduction is in fact an exclusion. The property, or value thereof, set aside to the widow is not property subject to the Federal Estate Tax as a part of the estate of the testator. It is included in the tax return only for the purpose of calculating the widow's one-half interest (for estate taxes purposes) in the jointly owned property, and will be subject to taxation on the widow's estate at her death.
>
> " 'Thus the marital deduction is distinguished from the estate deduction or exemption of $60,000 since the latter is included in the taxable property, although no tax is levied on said $60,000.
>
> " 'Therefore, the words of the Will "taxes which will be assessed against my estate" necessarily excludes the marital deduction since the same is not taxable property of the estate of Harry P. Rooney, deceased.' " (p. 201-202.)

This court, on appeal, affirmed the lower court stating the effect of its ruling was to prorate federal estate tax liability among the beneficiaries in the ratio of the amount of property subject to tax received by each to the total amount of property of the estate subject to tax. Implicit in the decision is recognition of the principle that the marital deduction neither generates nor contributes anything to the tax liability of the estate—the tax impact on property passing by the deduction being postponed until death of the surviving spouse.

While *Rooney* involved a testate estate and consequently, K. S. A. 59-502 did not come into play, we believe this court sought to apportion the federal estate tax in such manner as to give full effect to the marital deduction and accomplish the result made possible by Congress. The testator's direction that each beneficiary pay his "proportionate share" of taxes left for determination as a matter of law the respective amount to be paid by each beneficiary. In this respect, the direction of the will was equivalent to a situation where the decedent dies intestate.

Not withstanding the apparent breadth of the word "taxes" found in K. S. A. 59-502, we are of the opinion the same equitable considerations underlying our decision in *Rooney* must be recognized in the case of intestacy. The purpose of Congress in providing for the marital deduction was to equalize as nearly as possible estate and gift tax liability between community-property and common-law states. The only way such equality may be accomplished is for the surviving spouse to be relieved from payment of any portion of the federal estate tax except on property received by her which con-

tributes to or causes a part of the tax. Congress left it to the various states to determine whether each would take full advantage of the federal law and free the surviving spouse from the burden of the estate tax on property received by her which did not contribute to any part of the tax.

When K. S. A. 59-502 was enacted in 1939, the tax advantage of the marital deduction did not exist. Consequently, the legislature could not have had in mind the benefits to be derived by taxpayers from such an enactment. The fact that the lawmakers have not amended K. S. A. 59-502 by the enactment of a specific apportionment statute leaving intact the marital deduction of the surviving spouse, should not preclude this court from applying equitable principles as we did in *Rooney* in order to give effect to the intent of Congress. We cannot attribute legislative inaction in this instance as an indication that taxpayers of this state were intended to be deprived of the benefits of the marital deduction amendment.

The United States District Court for the district of Kansas, in *First National Bank of Topeka, Kan. v. United States,* 233 F. Supp. 19, 1964, came to grips with this precise question in an intestate estate and concluded that K. S. A. 59-502 should *not* be read to defeat the purpose of Congress. Recognizing that our decision in *Rooney* was persuasive on the point, the Federal District Court held the widow was entitled to take her share unencumbered by any burden of the federal estate tax.

In support of the view that a widow who renounces the will of her husband is entitled to her statutory share without deduction for the portion of the tax to which the estate receives the benefit of the marital deduction, the court, in *Lincoln Bank & Trust Co. v. Huber,* 240 S. W. 2d 89 (Ky. 1951), without benefit of an apportionment statute, gave recognition to the doctrine of "equitable apportionment" and said:

"It appears to us that the apparent purpose behind the enactment of the U. S. Code above was to equalize the estate tax in non-community property states, with that of community property states, and to prepare the way for elimination from the tax burden all those whose legacies or allotments do not create or add to the tax.

"Under the authority of *in re* Peters above, we conclude that if the marital allotment is a deductible item before arriving at the net taxable estate, and since that item does not add to the tax, it can not be burdened with any portion of the federal estate tax. The surviving spouse, therefore, should receive her share undiminished by any federal estate tax." (p. 91.)

Likewise, in *Pitts v. Hamrick,* 228 F. 2d 486 (4th Cir. 1955), which involved an intestate estate, the circuit court affirmed the action of a South Carolina probate court holding that the widow was entitled to receive her share of the estate undiminished by any portion of the federal estate tax. In the opinion it was stated:

". . . Where the estate is to receive the benefit of the deduction of the widow's share from the gross estate in order that that share may be relieved of the burden of the estate tax, as Congress intended, it would be unfair and unjust to require her share to bear any portion of that tax; and we find nothing in the law of South Carolina which requires such a result or which would prevent the court from applying *equitable principles of apportionment* to relieve the share of the widow of this unfair and unjust burden.

. . . . . . . . . . . . . . .

"It is inconceivable here that any part of the estate tax should be attributed to the share of the widow, where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the burden of that tax and where the estate receives the benefit of the deduction because of that interest." (p. 490.) (Emphasis added.)

The Supreme Court of Missouri, in *Hammond v. Wheeler,* supra, was called on to construe a statute providing that a widow who elects to take against the will receives one-half of the real and personal estate subject to payment of her husband's *debts.* After determining the word "debts" was not intended to include federal estate taxes, the court gave consideration to the fact that the legislature had not enacted an apportionment statute. The basic principle of equitable apportionment was applied in this language:

". . . [I]nasmuch as it seems to us to be inequitable and grossly unjust to require a surviving spouse to pay a portion of the federal estate tax on the deceased spouse's estate solely by reason of the fact that the surviving spouse receives a statutory share of the estate which is not taxed and the receipt of which share does not cause or contribute to cause any part of the tax, we are of the opinion in this case that the renouncing widow's share of her deceased husband's estate should be received by her undiminished by any charge for federal estate tax except by that part of the federal estate tax allocable to that portion of her deceased husband's property received by her which formed part of his taxable estate." (p. 893.)

In resolving the question before us, we are fully cognizant that the courts of the various states are not in agreement. Notable among those relied on by appellant are *Trust Co. v. Green.,* 236 N. C. 654, 73 S. E. 2d 879; *Will of Uihlein,* 264 Wis. 362, 59 N. W. 2d 641; and *In re Glover's Estate,* 45 Haw. 569, 371 P. 2d 361. In each of these cases it was held the widow's statutory share was to be computed after payment of the federal estate tax and without

allowance or benefit to the widow for any reduction in the tax resulting from the marital deduction. The Hawaii court, in an exhaustive opinion containing most, if not all of the authorities on both sides of the issue, made the apt observation that the divergent holdings result from the difference in attitude taken by the respective courts regarding the part the marital deduction provisions of the federal law play in controlling the widow's distributive share under state law.

We hold that the statutory share distributable to the widow as a result of her election to take under the law and against the will of her deceased husband, to the extent that such share qualifies for the marital deduction under the provisions of the Internal Revenue Code, is not to be charged with or reduced by any part of the federal estate tax imposed on the husband's estate.

The judgment is affirmed.

FATZER, J., dissenting: I must respectfully dissent from the court's affirmance of this case. Time does not permit an extended discussion of my views.

The law of this state is applicable to determine how the federal estate tax burden shall be distributed among those who share in the decedent's estate. (*Riggs v. Del Drago,* 317 U. S. 95, 87 L. Ed. 106, 63 S. Ct. 109.) An estate tax such as the federal law imposes is levied upon the body of the estate before distribution. (*In re Estate of West,* 203 Kan. 404, 406, 454 P. 2d 462.) There has been no change in the Kansas statutory law (K. S. A. 59-502) relating to the share of property to be received by a surviving spouse who elects to take under the law. If the Kansas Legislature desires to implement the provisions of the Internal Revenue Code by amending the statute, it can do so by appropriate legislation. Until that is done, this court should not engage in judicial legislation. The case of *In re Estate of Rooney,* 186 Kan. 200, 349 P. 2d 916, involved a testate estate, and 59-502 was not involved or construed. That being the case, the widow's statutory share distributable to her estate is to be determined after payment of federal estate tax. (*In re Glover's Estate,* 45 Haw. 569, 371 P. 2d 361.) I would reverse the judgment of the district court.