Betty A. Jackson and Shirley A. Tubbs, Coadministrators de bonis non cum testamento annexo of the Estate of Arthur J. Jackson, Deceased, *Appellants*, v. Olive A. Jackson, *Appellee*.

(536 P. 2d 1400)

Opinion filed June 14, 1975.

*Mildred Otis*, of Agra, was on the brief for the appellants.

*Arno Windscheffel*, of Smith Center, was on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This appeal encompasses the issue of the proper apportionment of the burden of federal estate taxes and other debts and expenses, incident to the administration of a testate decedent's estate, among the beneficiaries named in the decedent's will. The primary question posed is whether a surviving spouse's share in the estate of a testate decedent must bear a proportionate part of the federal estate tax liability.

The testator, Arthur J. Jackson, a resident of Long Island, Kansas, died on September 29, 1970, leaving a will dated December 29, 1968.

The will directed payment of testator's debts and funeral expenses and devised all his real property to his wife for the term of her life,

and upon her death to pass in fee to his children and grandchildren. The remaining dispositive provision of the will stated:

"Third: I give and bequeath unto my wife, Olive A. Jackson, one-half of all the personal property of which I shall die seized or possessed.

"The other one-half of my personal property I give and bequeath in the following manner: [The will provides certain portions to pass to testator's children and grandchildren.]"

The bulk of property passing under the will was personalty. The will contained no provision which directed apportionment of estate taxes and other debts and expenses owed by the estate.

The value of the estate subject to probate totaled $415,000. Additionally, the decedent held in joint tenancy property of $81,000 and the Internal Revenue Service determined the testator had made gifts in contemplation of death of the value of $114,000, which amounts, while not included as part of the probate estate, have been subjected to federal estate tax liability.

The administrators of testator's estate in calculating the share to be received by testator's surviving spouse, Olive A. Jackson, charged the share of personalty she was to receive under the third paragraph of the will with one-half of the total federal estate tax owed by the estate. The administrators also sought to charge only the personal property passing under the will with liability for all other debts and expenses owed by the estate. Olive Jackson challenged the administrator's calculations and contended that her share of the estate, to the extent it does not exceed the amount allowable as a marital deduction for federal estate tax purposes, may not be charged with and reduced by federal estate tax liability. She argued that all other debts and expenses of the estate should be charged proportionately against all assets passing under the will.

As a result of the controversy the administrators filed an action in district court seeking a declaratory judgment pursuant to K. S. A. 60-1701, *et seq*. The trial court heard the matter on stipulated facts and determined that the property receivable by the surviving spouse from the estate of her deceased husband is not chargeable with any share of the federal estate tax due, to the extent such property qualifies for the marital deduction under the Internal Revenue Code. The court further held that other debts and expenses owed by the estate are chargeable proportionately against all assets of the estate both real and personal pursuant to K. S. A. 1974 Supp. 59-1405 (5).

From the judgment of the trial court the administrators have duly perfected an appeal claiming the trial court erred in its decision.

A review of some basic principles regarding the federal estate tax and the marital deduction is necessary before we consider the arguments raised by the parties.

The federal estate tax is imposed on the transfer of the taxable estate of a decedent. (26 U. S. C. A. § 2001.) The value of the taxable estate is determined by deducting from the gross estate an exemption of $60,000 and certain other deductions. (26 U. S. C. A. §§ 2051, 2052, 2053.) Included as a deduction is the marital deduction, which is an amount equal to the value of any interest in property which passes or has passed from the decedent to the surviving spouse, but not exceeding 50% of the value of the "adjusted gross estate." (26 U. S. C. A. § 2056.)

The marital deduction was incorporated into the Internal Revenue Code in 1948, in order to place taxpayers in common law states on equal footing tax-wise with those in community property states, where one-half of the marital property was vested in the surviving spouse at the death of the other and was not subject to federal estate taxation. In general the deduction was intended to permit a surviving spouse to take a portion of his or her decedent spouse's estate free from the burden of estate taxes. (1948 U. S. Code Cong. Serv., Vol. 2, pp. 1188-1191; Senate Rep. No. 1013, 80th Congress, 2d Session, 1948—1 I. R. B.)

Congress, however, made no attempt to apportion the burden of the estate tax. The law provides only that the tax shall be paid out of the estate as a whole, and that applicable state law shall govern how the tax burden shall be distributed among those who share in the estate. (*Riggs v. Del Drago,* 317 U. S. 95, 97, 98, 63 S. Ct. 109, 87 L. Ed. 106; *Gallagher v. Smith,* 223 F. 2d 218, 222, 223 [3d Cir. 1955]; and *In re Estate of West,* 203 Kan. 404, 406, 454 P. 2d 462.)

A number of states have specific statutes which provide for apportionment of the burden of the federal estate tax. Generally those statutes cause each person receiving a distribution from the estate to bear that part of the tax which accrued by reason of the value of the property he is to receive. In view of this principle the statutes provide that any marital deduction for federal estate tax allowed to the estate should inure to the benefit of the surviving spouse, and thus, the surviving spouse pays no federal estate tax on that portion of the estate which he or she receives in the form of a

marital deduction share. (See, *Spurrier v. First National Bank of Wichita*, 207 Kan. 406, 409, 485 P. 2d 209.) Kansas has not enacted a federal estate tax apportionment statute.

The administrators as appellants in this case contend that the trial court erred in its ruling that under Kansas law the value of property passing to a surviving spouse, to the extent it qualifies for the marital deduction, is not chargeable with federal estate tax liability. Appellants point to K. S. A. 1974 Supp. 59-1405 and argue that statute requires the assets of a decedent within defined classes to be reduced ratably to meet debts and demands raised against the estate. It is argued that since the federal estate tax is a lawful demand levied against the estate, all property within the appropriate class defined in 59-1405, including property which qualifies for the marital deduction, must contribute to the payment of such taxes.

At the outset we are told that under the method of computation employed by the appellants not only will the widow's share of the estate be reduced by approximately $40,000, but also that the federal estate tax liability will be increased by nearly $20,000 beyond the figures established under the method utilized by the trial court. The foregoing is the result, where a surviving spouse must pay estate tax on property transferred, because such liability reduces the amount deductible pursuant to the deduction provisions and thereby increases the total estate subject to federal estate tax liability. The amount of the tax apportionable to the marital transfer is thus increased, thereby further reducing the marital transfer. (See 4 Mertens, Law of Federal Gift and Estate Taxation, Cum. Supp. [1972], § 30.03, p. 702.)

Although no Kansas case bears directly on the question raised by the appellants, this court has had occasion to review the apportionment of federal estate tax liability in the past.

In *In re Estate of Rooney*, 186 Kan. 200, 349 P. 2d 916, decedent's will provided that federal estate taxes assessed against the estate should be paid by the beneficiaries "each their proportionate share." Upon settlement of the estate the executrix (widow), in computing the federal estate tax apportionment among the beneficiaries, took for herself the full marital deduction share free of the burden of any tax. One beneficiary challenged the distribution and apportionment claiming that his share was reduced by a larger portion of the tax than was properly chargeable to his share, and that the tax should have been spread over the entire estate, includ-

ing the widow's share which qualified for the marital deduction. The district court held that for purposes of computing the proportionate amount of the tax owed by each beneficiary the marital deduction properly was to be excluded. On appeal this court expressly adopted the ruling of the lower court stating:

" 'It appears to this Court that the so-called marital deduction is in fact an exclusion. The property, or value thereof, set aside to the widow is not property subject to the Federal Estate Tax as a part of the estate of the testator. It is included in the tax return only for the purpose of calculating the widow's one-half interest (for estate taxes purposes) in the jointly owned property, and will be subject to taxation on the widow's estate at her death.

" 'Thus the marital deduction is distinguished from the estate deduction or exemption of $60,000 since the latter is included in the taxable property, although no tax is levied on said $60,000.

" 'Therefore, the words of the Will "taxes which will be assessed against my estate" necessarily excludes the marital deduction since the same is not taxable property of the estate of Harry P. Rooney, deceased.' " (pp. 201, 202.)

In *Spurrier v. First National Bank of Wichita,* supra, this court referred to its decision in *Rooney* and stated:

". . . Implicit in the decision is recognition of the principle that the marital deduction neither generates nor contributes anything to the tax liability of the estate—the tax impact on property passing by the deduction being postponed until death of the surviving spouse." (p. 410.)

In *Spurrier* the widow of the decedent filed a timely election to take against the will as provided in K. S. A. 59-603. The executor of decedent's estate charged the share to be received by the widow with its proportionate share of the husband's federal estate tax. This apportionment was challenged. It was argued that the widow's share, to the extent it qualified for the marital deduction under the provisions of the Internal Revenue Code, should not be charged with and reduced by any part of the federal estate tax levied against the husband's estate.

The executor contended that K. S. A. 59-502 requires that federal estate taxes must be ratably apportioned against the entire estate before any distributive share is calculated and paid to the widow.

K. S. A. 59-502 was found to be inapplicable in the situation present in *Spurrier.* The court held that to the extent the statutory share distributable to a surviving spouse qualifies for the marital deduction it is not to be charged with or reduced by any part of the federal estate tax. In support of its holding the court stated:

". . . The purpose of Congress in providing for the marital deduction was to equalize as nearly as possible estate and gift tax liability between community-property and common-law states. The only way such equality may be

accomplished is for the surviving spouse to be relieved from payment of any portion of the federal estate tax except on property received by her which contributes to or causes a part of the tax. Congress left it to the various states to determine whether each would take full advantage of the federal law and free the surviving spouse from the burden of the estate tax on property received by her which did not contribute to any part of the tax.

"When K. S. A. 59-502 was enacted in 1939, the tax advantage of the marital deduction did not exist. Consequently, the legislature could not have had in mind the benefits to be derived by taxpayers from such an enactment. The fact that the lawmakers have not amended K. S. A. 59-502 by the enactment of a specific apportionment statute leaving intact the marital deduction of the surviving spouse, should not preclude this court from applying equitable principles as we did in *Rooney* in order to give effect to the intent of Congress. We cannot attribute legislative inaction in this instance as an indication that taxpayers of this state were intended to be deprived of the benefits of the marital deduction amendment." (pp. 410, 411.)

The principles set forth in *Spurrier v. First National Bank of Wichita,* supra, are applicable in the present case. K. S. A. 1974 Supp. 59-1405, like K. S. A. 59-502, was enacted in 1939, before Congress adopted the federal estate tax marital deduction. The failure of the Kansas legislature to enact an apportionment statute expressly recognizing the deduction should not be interpreted as an indication that taxpayers of this state were intended to be deprived of the full benefit of the marital deduction provision.

The United States District Court for Kansas has expressed similar sentiment in *First National Bank of Topeka, Kan. v. United States,* 233 F. Supp. 19, 27, 28. In that case the Commissioner of Internal Revenue challenged the amount of the marital deduction taken by the surviving spouse in the estate of her deceased husband. The government claimed that Kan. G. S. 1949, 59-1405 (now K. S. A. 1974 Supp. 59-1405) required that where a widow takes only a share of the residue of an estate, all debts owed by the estate, including federal estate taxes, must first be deducted and the burden cast upon the entire residuary interest including the widow's share.

The court rejected the government's interpretation of 59-1405 stating that view ignores the purpose of the marital deduction and the reason it was inserted in federal estate tax law. It was held that it would be unjust to attribute any part of the estate tax to the share of the widow where the purpose of Congress in allowing the marital deduction was to free the interest of the surviving spouse from the tax burden, and 59-1405 was held not to require the apportionment claimed by the government.

The reasoning of the federal court in *First National Bank of*

*Topeka, Kan. v. United States,* supra, is equally persuasive in the present case.

Appellants in this case argue, however, that K. S. A. 1974 Supp. 59-1405 must apply where a testator has expressed no intent that certain property within his estate shall bear the burden of estate taxes. The issue of a testator's intent with regard to the apportionment of estate tax liability was reviewed in *Dodd v. United States,* 345 F. 2d 715 (3d Cir. 1965).

*Dodd* involved the question whether a surviving spouse's share in the residuary estate of a testator should bear a share of the estate tax. The testator's will divided his residuary estate into two equal parts: one-half to his children, the other to pass to his wife. The will contained no direction apportioning the tax burden and no apportionment statute existed under state law. The executors calculated the federal estate tax by deducting the widow's one-half share of the residuary estate without dimunition for any part of the tax. The government challenged the executor's calculations and argued that the widow's share must bear a prorate portion of estate tax liability where no contrary intent is expressed by the testator.

The court in *Dodd* noted that the marital deduction law was enacted to equalize estate tax consequences between taxpayers in community property and common law states. The court then reviewed the issue of the testator's intent in the absence of an express testamentary provision of apportionment as follows:

". . . It would, indeed, be difficult in the usual case, where the proportion of the residue left to the wife does not exceed the allowable marital deduction, to attribute to the testator an intention that his estate should pay an increased estate tax and that his widow's distributable share should be reduced. In such cases there is no place for the operation of the canon of construction which imposed the burden of the estate tax on all who shared in the residue.

". . . The will here made the classic devise and bequest to the wife of one-half of the residuary estate, which is the maximum allowable as the marital deduction, and gave the remaining one-half to the children. It is true that if the wife is relieved of the estate tax the children's remaining one-half of the residue will be reduced by requiring it to bear all of the estate tax. But the alternative is either to reduce the share of the children by requiring them to bear the entire but smaller estate tax, or to reduce the wife's share and thus increase the total estate tax. A will written after the marital deduction provision was established, which grants a wife a share of the residue similar to that authorized as the marital deduction is presumably intended to come within that provision. Even if the wife and children were to be considered equally the intended beneficiaries of the testator's bounty, the balance would be overcome by the consideration of reducing the total estate tax. In these circumstances, therefore, we may impute to the testator the intention

that his estate and his wife alike should have the fullest benefit of the marital deduction. Moreover, even if it were thought that the testator's 'most probable' intention did not appear, and it became necessary to resort to a presumption, the presumption would be that the testator intended his estate to have the full benefit of the marital deduction. It follows therefore that the wife's share of the residue is not to be reduced by requiring it to bear any portion of the estate tax." (pp. 718, 719.)

The reasoning expressed by the court in *Dodd* is sound. Accordingly we hold in this case that where a testator does not provide directions in his will for the apportionment of federal estate tax liability, it is presumed that he intended his estate and surviving spouse to have the fullest benefit of the marital deduction. Therefore, the surviving spouse's share of the estate, to the extent it qualifies for the marital deduction under federal estate tax law, may not be reduced by requiring it to bear any portion of estate tax liability.

The final point presented involves the application of K. S. A. 1974 Supp. 59-1405 to determine the method of apportioning debts and expenses of the estate, other than the federal estate tax, to property passing to beneficiaries under testator's will.

It is appellants' position that property passing under the third paragraph of the will constitutes "personal property bequeathed to the residuary legatee" within the meaning of K. S. A. 1974 Supp. 59-1405 (3) and thus this property alone must bear the burden of debts and expenses owed by the estate. Such a determination would of necessity require a finding that the third paragraph provides a residuary bequest.

A residuary clause is that part of the will which disposes of property not expressly disposed of by other provisions of the will. (4 Bowe-Parker: Page on Wills, [1961], § 33.46, p. 369.) Although a residuary clause, in a strict sense, would seem to presuppose prior particular bequests or devises, a bequest of "all" of a testator's property or estate has been treated as a residuary clause. (57 Am. Jur., Wills, § 1416, pp. 947, 948.) However, where a testator divides all of his property into fractional shares and provides that each member of a group of named beneficiaries is to receive a portion of the estate it has been held that no residuary estate is created. (*Adams v. Adams*, 261 N. C. 342, 134 S. E. 2d 633.)

In the present case property passing under both the second and third paragraphs of the will can best be described as "property not specifically bequeathed or devised" under the terms of K. S. A.

1974 Supp. 59-1405 (5). On that basis debts and other demands against the estate, other than the federal estate tax, are chargeable against all property both real and personal passing under the will.

The judgment of the lower court is affirmed.

FROMME, J., not participating.