No. 56,067

In the Matter of the Estate of Bryan Hawes, Deceased
Betty Jean Dittmer, *Appellant,* v. Bryana Schmidt, *Appellee.*

(683 P.2d 1252)

Opinion filed June 8, 1984.

*John Shirley,* of Wallace, Brantley & Shirley, of Scott City, argued the cause, and *Keen K. Brantley, Edward J. Gaschler,* and *James W. Wallace,* of the same firm, were with him on the brief for appellant.

*Stanley E. Antrim,* of Yoxall, Antrim, Richardson & Yoxall, of Liberal, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

Lockett, J.: This is an action to determine how the burden of federal estate tax is to be borne between the two daughters of the decedent, who died testate. The district court ordered the taxes

be apportioned upon the appraised value of the property received by each daughter.

The facts are not in dispute. Bryan Hawes died on January 29, 1981, and a petition for the probate of his will was filed soon after in Edwards County District Court. Specific real property was devised to the decedent's widow and to his two daughters, Betty Jean and Bryana. Hawes' will did not direct how the federal estate taxes were to be paid. The will contained only the general statement directing payment of lawful debts and funeral expenses. All parties agree that the widow's share of the estate is exempted from taxation by the marital deduction of the federal estate tax.

The executor of the estate elected to pay federal estate taxes by installments. The executor paid the taxes from the residuary estate and other estate assets. The residuary estate was exhausted. Approximately $215,000.00 in federal estate taxes remains to be paid. The executor wrote in a letter to both daughters that their father, prior to his death, told him to assess the taxes according to the amount of property each daughter received. The executor calculated one daughter, Betty Jean Dittmer, appellant, received 58% of the decedent's property left to the daughters, and Bryana Schmidt, appellee, the other daughter, received 42% of the property willed to the two daughters. He stated the taxes should be assessed between the two daughters on the basis of these percentages, including taxes already paid from the residuary estate.

Betty Jean Dittmer filed a motion in district court requesting that the district court judge determine how the federal estate taxes should be paid from the estate. Arguments were heard by the district court and briefs were filed by counsel for the two daughters. Bryana Schmidt agreed with the executor that the taxes should be paid proportionately from the two daughters' shares of the estate. She would be responsible for 42% of the federal estate taxes. Betty Jean Dittmer argues the residuary estate should be used to pay the federal estate taxes until the residuary estate is exhausted, and then the tax burden should be borne equally by the two daughters, and that her share of the federal estate taxes should not be 58%. The district court decided the taxes should be paid proportionate to the residuary estate and specific bequest given by the father to the two daughters. Betty Jean Dittmer appeals from the district court's decision.

The appellant argues K.S.A. 59-1405 does not control the apportionment of the federal estate tax burden upon Kansas estates. We agree. K.S.A. 59-1405 states:

"The property of a decedent, except as provided in K.S.A. 59-401 and 59-403, shall be liable for the payment of the decedent's debts and other lawful demands against the estate. When a will designates the property to be appropriated for the payment of debts or other items, it shall be applied to such purpose. Unless the will provides otherwise for the payment thereof, or unless the court shall otherwise determine pursuant to K.S.A. 59-1410 the property of the testator, subject to the payment of debts and other items, shall be applied to that purpose in the following order:

"(1) Personal property not disposed of by will;

"(2) real estate not disposed of by will;

"(3) personal property bequeathed to the residuary legatee;

"(4) real estate devised to the residuary devisee;

"(5) property not specifically bequeathed or devised;

"(6) property specifically bequeathed or devised.

"Demonstrative legacies shall be classed as specific legacies to the extent of the payment thereof from the fund or property out of which payment is to be made, and as general legacies upon failure or insufficiency of the fund or property out of which payment was to be made to the extent of such insufficiency. The property of each class shall be exhausted before resorting to that of the next class; and all of one class shall contribute ratably if all the property of that class is not required for the payment of such debts or other items."

K.S.A. 59-1405 is the general statute which indicates the order of application of assets to the payment of debts of the decedent except where the will or the court determines otherwise. The federal estate tax is imposed on the transfer of the taxable estate of a decedent. 26 U.S.C. § 2001 (1982).

The United States Congress has made no attempt to apportion the burden of the estate tax. The federal law provides only that the tax shall be paid out of the estate as a whole, and that applicable state law shall govern how the tax burden shall be distributed among those who share in the estate. *In re Estate of West*, 203 Kan. 404, 406, 454 P.2d 462 (1969).

The decedent's entire estate is liable for the payment of federal estate taxes. A number of states have specific statutes which provide for apportionment of the burden of the federal estate tax. Generally, those statutes cause each person receiving a distribution from the estate to pay that part of the tax due from the value of the property that person is to receive. *Jackson v. Jackson*, 217 Kan. 448, 450-51, 536 P.2d 1400 (1975). Kansas has not enacted a federal estate tax apportionment statute.

Where the will directs how the federal estate taxes should be paid or apportioned, the intent of the decedent is followed whenever possible. In the absence of anything to the contrary, the burden of the federal estate taxes falls upon the residuary estate rather than the specific bequest. *In re Estate of West*, 203 Kan. 404.

Appellant claims Hawes' will is silent as to payment of the federal estate taxes. Hawes' will consists of the original will executed May 27, 1970, and four codicils, the last being executed September 18, 1980. In the original will Hawes directs his lawful debts and funeral expenses be paid. Hawes, in the fourth codicil to the will, explains his attempt to "more nearly equal" Bryana's share of his estate to that of Betty Jean's. To "more nearly equal" each sisters' share of his estate, Hawes "placed several certificates of deposit joint with myself and my daughter, Bryana."

In a conversation with his attorney, now the executor of his estate, Hawes stated his desire that each daughter should pay the federal estate taxes according to the share of his estate she received. That desire appears nowhere in Hawes' will.

In the trial court's memorandum decision there are no findings of fact. The court merely determined it was Hawes' desire that the federal estate taxes were to be paid proportionate to the share of the estate each daughter received.

It is a fundamental rule of testamentary construction that, whenever possible, the testamentary plan or scheme of the testator be upheld and given effect. The primary function of a court in the interpretation of a will is to ascertain the testator's intent as derived from the four corners of the will. Extrinsic evidence of the testator's intent may not be admitted to give unambiguous language of his will a different meaning. Evidence may be admitted to show the surrounding facts and circumstances at the time the will was executed. The evidence of the surrounding circumstances allows the court in construing the provisions of the will to place itself in the shoes of the testator at the time he made the will and best determine the purpose and intention he endeavored to convey by the language used. *In re Estate of Laue*, 225 Kan. 177, 589 P.2d 558 (1979).

We must first survey the will in its entirety to ascertain whether its language is so indefinite and uncertain as to require application of rules of judicial construction to determine its force

and effect. There is no uncertainty or ambiguity regarding the payment of the federal estate taxes to be found in the language of Hawes' will. The will is silent as to payment of the taxes. The language in the codicil manifests Hawes' intent that his two daughters share more equally in his estate. The codicil attempts to equalize shares of the estate. The language in the codicil is clear and unambiguous. The testator intended to make the legacies of his two daughters "more nearly equal" but not precisely the same dollar value.

Neither the will nor the codicils contain instructions concerning the payment of the federal estate taxes. There is no evidence that Hawes' conversation with the executor stating his intent that the federal estate taxes be paid proportionately by each daughter was spoken at the time the will or the codicils were executed. Where there is no provision in the will for the payment of the federal estate taxes, the court is without power or authority to create such a provision.

The will being silent, state law requires the burden of the federal estate taxes fall upon the residuary estate. The rule that the residuary estate must bear the federal estate tax burden was first adopted in Kansas in *Central Trust Co. v. Burrow*, 144 Kan. 79, 58 P.2d 469 (1936), and followed in subsequent cases. The property of the residuary estate shall be exhausted prior to resorting to property specifically bequeathed or devised. Where all the residuary property is not required for the payment of the federal estate taxes, then all receiving property from the residuary shall contribute ratably.

Here the residuary property of the estate was exhausted prior to the satisfaction of the federal estate taxes. Where the residuary property of the estate is exhausted for the payment of the federal estate taxes, there is no proportional contribution among the members of that class. The trial court's attempt to prorate the contribution of the exhausted residuary property between the two sisters in proportion to each share of the estate was incorrect.

The absence of directions in the will concerning apportionment of federal estate taxes, and the exhaustion of the residuary estate in partially paying the taxes leaves the source of the remaining estate taxes in question. Unless restricted by the state constitution, our legislature has the right to declare public policy as to how the estate taxes are to be paid. The public policy for

payment of the decedent's debts and other lawful demands against the estate are contained in K.S.A. 59-1405 set forth earlier. The legislature has not declared public policy as to the payment of the federal estate taxes. Since our legislature has not spoken, the legal principles applied by this court in *Spurrier v. First National Bank of Wichita*, 207 Kan. 406, 485 P.2d 209 (1971), provide the answer to the question.

This court in *Spurrier* cited with approval cases utilizing an "equitable apportionment" rule. The rule was analyzed in Annot., Ultimate Burden of Estate Tax in Absence of Statute, Will, or Other Provision, 68 A.L.R.3d 714, 794-95:

" 'Equitable apportionment' may mean different things under different circumstances. The words 'equitable apportionment' themselves in the present context describe an approach to the problem of estate tax burden rather than define what is done in the application of such approach. There may be a broad or a limited rule of equitable apportionment, or a total or partial apportionment.

. . . . .

"Underlying the principles of equitable apportionment is the proposition that the assets of a taxable estate which generate a part of the estate tax should ratably bear the burden of the tax to the extent of the tax generated by such assets. It logically follows that assets not includible in the taxable estate and which generate no part of the estate tax should not be burdened with the payment of any portion thereof."

Utilizing "equitable apportionment" and past case law, three rules concerning the apportionment of federal estate tax may be stated:

1. The surviving spouse's share of the estate, to the extent it qualifies for the marital deduction under federal estate tax law, may not be reduced by requiring it to bear any portion of estate tax liability. *Jackson v. Jackson*, 217 Kan. 448.

2. In the absence of anything in the will to the contrary, the burden of federal estate taxes falls on the residuary estate. *Spurrier v. First National Bank of Wichita*, 207 Kan. 406.

3. In the payment of federal estate taxes, after the residuary estate left in a decedent's will is exhausted, the balance of the federal estate tax burden is payable out of the remaining property left by the decedent to the beneficiaries, equitably apportioned among the beneficiaries according to the value of the property each beneficiary receives.

After the residuary estate was exhausted, the trial court correctly prorated the federal estate tax burden between the two sisters according to each sister's share of the remaining estate.

The appellant raises several other issues not considered by the trial court in the appeal. Points not raised before or presented to the trial court may not be raised for the first time on appeal. *Lantz v. City of Lawrence*, 232 Kan. 492, 500, 657 P.2d 539 (1983).

Affirmed in part, reversed in part and remanded with directions to enter judgment in accordance with the opinion.