**In the Matter of the ESTATE OF Leonard U. SHAPIRO, a.k.a. L.U. Shapiro, Decedent.**

No. C3–84–1684.

Supreme Court of Minnesota.

Feb. 7, 1986.

---

Lehan J. Ryan, St. Paul, for Maruice Albin.

Thomas E. Lund, St. Paul, for Robert H. Sigel.

Robert J. Tamsey, Jr., Glenn R. Ayres, Minneapolis, Steve A. Brand, St. Paul, for Bertha T. Shapiro.

Robert W. Oelke, Edward G. Heilman, Minneapolis, for Leonard U. Shapiro.

Timothy T. Oliver, Minnetonka, for respondent.

SCOTT, Justice.

The trustees of a family trust established under the will of Leonard Shapiro seek further review of a decision of the Minnesota Court of Appeals affirming the probate court's order that instructed the personal representatives not to reduce the elective share of the decedent's spouse by any portion of federal estate tax. We affirm.

On March 6, 1974, Leonard U. Shapiro died, survived only by his wife. His will, dated September 13, 1973, and a codicil, dated March 5, 1974, were admitted to probate on April 23, 1974. They provided that Bertha Shapiro, the decedent's wife, receive the decedent's house and most of his personal property, and that certain friends and relatives of the decedent receive $395,-000. The residue of decedent's estate was to be divided equally between a marital trust established for Bertha and a family trust established for friends and relatives of the decedent.

Pursuant to Minn.Stat. § 525.212 (1974), Bertha filed a spouse's election with the probate court on December 9, 1975. Therein, she renounced decedent's will and elected to receive the statutory share of decedent's estate. As a result, the marital trust under the decedent's will was not established.

Decedent's estate was subject to the federal estate tax, 26 U.S.C. § 2001 (1970), and the personal representatives filed an estate tax return, which, after audit, showed a tax liability of $1,159,093. The value of decedent's gross estate was $6,461,893. Section 2056 of the federal estate tax statute provides that up to 50 percent of the value of the adjusted gross estate that passes to a surviving spouse can be deducted from the total estate tax. *Id.* § 2056(a), (c).

On July 5, 1978, the personal representatives filed a petition for instructions with the probate court, requesting the court to determine "whether the statutory share of the decedent's estate distributable to said Bertha H. Shapiro should bear a pro rata share of the federal estate taxes, deficiencies and interest thereon." The probate

court deferred a decision pending negotiations between the parties.

Negotiations eventually broke down and on March 15, 1984, the personal representatives filed another petition for instructions. The probate court, in response to the petition, ruled that "Bertha H. Shapiro's share of Decedent's estate * * * shall not be reduced on account of the Decedent's estate's payment of U.S. federal estate tax or interest thereon." The trustees appealed and the court of appeals affirmed. *In re Shapiro*, 362 N.W.2d 390 (Minn.App.1985).

We granted the trustees' petition for further review to discuss whether the surviving spouse's elective share under Minn. Stat. § 525.16 (1974) is calculated before federal estate taxes are deducted from the estate.

The Minnesota statutes in effect at the time of decedent's death in 1974 govern the resolution of this case. Minn.Stat. § 525.-16 (1974) provides that the estate, from which the elective share is computed, is comprised of all real and personal property "[e]xcept as provided in sections 525.14 [descent of cemetery lot] and 525.145 [descent of homestead] and subject to the allowances provided in section 525.15 [allowances to surviving spouse], and the payment of the expenses of administration, funeral expenses, expenses of last illness, taxes, and debts * * *."

The trustees argue that the federal estate tax should be considered an "expense of administration" under section 525.16. Therefore, they contend, Bertha Shapiro's share should be computed after the deduction of the federal estate tax. In *State ex rel. Smith v. Probate Court*, 139 Minn. 210, 166 N.W. 125 (1918), we held that the federal inheritance tax was an expense of administration for the purpose of determining the amount of the state inheritance tax, a tax which, unlike the federal tax, was computed only on property that actually passed to beneficiaries. The applicable state statutory provision did not list taxes as an item to which the elective share was subject. *See* Minn.Gen.Stat. § 7236–39 (1913 & Supp. 1917). The trustees contend

that the later inclusion of taxes by the legislature, Act of March 29, 1935, ch. 72, § 29, 1935 Minn. Laws 120–22, is a codification of *Smith* and, thus, viewed either as an expense of administration or a tax, the federal estate tax must be paid before the surviving spouse's elective share can be determined.

Neither our decision in *Smith* nor the 1935 law (codified in section 525.16) disposes of the issue. It does not follow that, because we held the federal estate tax to be an expense of administration for purposes of calculating the state inheritance tax, it is an expense of administration for purposes of calculating the elective share. Although the legislature has stated in Minn.Stat. § 525.16 (1974) that taxes should be subtracted from the gross estate before calculating the elective share, aspects of the federal estate tax make it inapplicable to the mandate of section 525.-16.

■ The federal estate tax is not an inheritance tax on beneficiaries, but rather a transfer tax on the estate of the decedent. The federal statute provides that up to 50 percent of the value of a decedent's adjusted gross estate can be deducted as long as the property passes to a surviving spouse. *See* 26 U.S.C. § 2056(a), (c) (1970). Congress enacted the marital deduction to the federal estate tax in order to place spouses in common-law states on an equal basis with spouses in community-property states. *See* S.Rep. No. 1013, 80th Cong., 2d Sess., *reprinted in* 1948 U.S. Code Cong. & Ad. News 1188–91. Despite the inclusion of the word "taxes" in the Kansas elective share statute (Kan.Stat.Ann. § 59–502 (1970)), a provision that is similar to Minnesota's 1974 law, the Kansas Supreme Court noted:

The purpose of Congress in providing for the marital deduction was to equalize as nearly as possible estate and gift tax liability between community-property and common-law states. The only way such equality may be accomplished is for the surviving spouse to be relieved from payment of any portion of the federal

estate tax except on property received by her which contributes to or causes a part of the tax. Congress left it to the various states to determine whether each would take full advantage of the federal law and free the surviving spouse from the burden of the estate tax on property received by her which did not contribute to any part of the tax.

*Spurrier v. First National Bank of Wichita*, 207 Kan. 406, 410–11, 485 P.2d 209, 213 (1971). The Kansas court held that in the absence of a specific state statute on the apportionment of federal estate taxes, the congressional intent behind the marital deduction should be followed and thus the elective share should be calculated before the federal tax on the estate is computed. *Id.* at 413, 485 P.2d at 215.

■ Minnesota, however, has a specific statute on the apportionment of federal estate taxes, Minn.Stat. § 525.521–.524 (1974). Section 525.521 provides:

FEDERAL ESTATE OR OTHER DEATH TAXES, APPORTIONMENT. Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, temporary administrator, testamentary trustee or other person acting in a fiduciary capacity, hereafter called 'fiduciary,' has paid or may be required to pay an estate tax or other death tax under any law of the United States upon or with respect to any property required to be included in the gross taxable estate of a decedent under the provisions of any such law, hereinafter called 'the tax,' the amount of the tax, except in a case where a testator otherwise directs in his will, and except in a case where by any instrument other than a will, hereinafter called a 'nontestamentary instrument,' direction is given for apportionment within the fund of taxes assessed upon the specific fund dealt with in such nontestamentary instrument, shall be apportioned among the persons interested in the gross tax estate whether residents or nonresidents of the state to whom such property is or may be transferred or to whom any benefit therein accrues, hereinafter called the 'persons benefited,' in accordance with the rules of apportionment herein stated, and the persons benefited shall contribute to the tax the amounts apportioned against them.

Section 525.523 describes the method of apportionment of any tax or deduction under the federal estate tax law. Subsection (ii), applicable to the case at bar, reads:

[A]ny exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent or by reason of the charitable purposes of the gift shall inure to the benefit of the person bearing such relationship or receiving such charitable gifts, as the case may be * * *.

Minn.Stat. § 525.523(ii) (1974). Bertha Shapiro contends that under subsection (ii) she should receive the benefit of the marital deduction, and her elective share, which represents the amount of the deduction, should not be reduced by the tax. She maintains that subsection (ii), because it applies specifically to federal estate taxes, should prevail over the more general provision of Minn.Stat. § 525.16 (1974), which provides that taxes be deducted before the elective share is calculated.

Minn.Stat. § 645.26, subd. 1 (1974), does provide:

When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.

Section 525.16 appears to mandate that the elective share shall be calculated *after* federal estate taxes have been deducted from the gross estate; after all, the word "tax," which appears in the section, arguably encompasses the federal estate tax. This,

however, conflicts with section 525.523(ii) which appears to require the calculation of the elective share *before* the federal estate tax is computed, for the surviving spouse then receives the full benefit of the marital deduction and in no way is the tax indirectly reducing the amount of the elective share. Because of the apparent conflict between these two sections, the applicability of section 645.26, subdivision 1, is triggered and the special provision, section 525.523(ii), which explicitly relates to the federal estate tax, and which was enacted in a later session of the legislature, prevails over section 525.16.

■ The trustees argue that even if section 525.523(ii) prevails, it does not govern the disposition of decedent's property, for under the general tax apportionment provision (section 525.521), if a decedent directs the apportionment of taxes in a will or other, nontestamentary instrument, the statutory apportionment provisions, of which section 525.523(ii) is one, are ineffective. The decedent's will contains a provision that states:

> I order and direct that my Executors, hereinafter named, pay all of the legal obligations of my estate as soon after my death as practicable. I also direct my Executors to pay or make deposits on account of all inheritance and estate taxes (including deficiencies, interest and penalties thereon) becoming due by reason of my death, all of which payments shall be paid out of my residuary estate before distribution thereof, if possible, and the same shall be treated as expenses and costs of administering my estate.

Minn.Stat. § 525.524 (1974), however, provides that any direction as to apportionment in a will is limited in its operation to property passing under the will. The elective share is a creature of statute and passes outside the will. Section 525.524 does provide that if the decedent specifically directs that the apportionment clause in the will applies to all property, even that passing outside the will, the apportionment clause in the will, not the apportionment statute, will apply. The trustees contend

that the direction in decedent's will which provides, "My executors shall have no duty or obligation to obtain reimbursement for any such tax paid by them even though on proceeds of insurance or other property not passing under this will," makes the apportionment statute inapplicable. The question then becomes whether this provision is a specific instruction to apply the testamentary, not the statutory, tax apportionment scheme to property passing outside the will.

■ The court of appeals answered this question by concluding that an election by a surviving spouse to take against the will of the deceased spouse is a rejection of the whole will, including any specific instruction to apply the testamentary apportionment scheme. 362 N.W.2d at 394. The notion that a surviving spouse by electing under the statute renounces the whole will, rather than just the property distribution provisions, has no direct case law support in Minnesota. We may have implied such a rule in *Kelleher v. Kelleher*, 140 Minn. 409, 168 N.W. 586 (1918), when we stated:

> If a testator has disposed of property owned by a beneficiary under the will, such beneficiary must either relinquish his right to such property, or to that which is given him by the will, and must accept the will as a whole, or not at all.

*Id.* at 412, 168 N.W. at 587. The applicable statute, however, reads:

> RENUNCIATION AND ELECTION. If a will make provision for a surviving spouse in lieu of the rights in the estate secured by statute, such spouse shall be deemed to have elected to take under the will, unless he shall have filed an instrument in writing renouncing and refusing to accept the provisions of such will within six months after the filing of the certificate of probate. For good cause shown, the court may permit an election within such further time as the court may determine. No devise or bequest to a surviving spouse shall be considered as adding to the rights in the estate secured by sections 525.145 and 515.16 to such

spouse, unless it clearly appears from the contents of the will that such was the testator's intent.

Minn.Stat. § 525.212 (1974). The trustees contend that it is apparent from this statutory language that those provisions in the will that the surviving spouse must renounce are those made "in lieu of rights in the estate secured by statute," and thus a court must look to the will to determine which provisions the spouse must renounce to become entitled to the elective share. Because the apportionment clause in decedent's will is not a provision in lieu of statutory rights to the homestead and elective share, the trustees argue, the clause does not fall upon the election of the surviving spouse.

We need not, however, resolve the issue of whether an election under the elective share statute constitutes a total revocation of the will, for the policy considerations underlying the elective share statute preclude a testator from including any provision in a will that, in effect, determines the amount of the elective share. The state has a strong interest in protecting surviving spouses and in maintaining the elective share scheme. *See generally Paulson v. Swenson*, 208 Minn. 231, 293 N.W. 607

(1940); *In re Owsley's Estate*, 122 Minn. 190, 142 N.W. 129 (1913). Thus, even though an election against the will may not make all provisions therein inapplicable to the electing spouse, any provision that, in effect, determines the amount of the elective share is void as conflicting with the elective share scheme.

In promulgating Minn.Stat. § 525.-524 (1974), the legislature could not have intended to give testators the right to determine the point at which the elective share would be computed and thus, in effect, the right to determine the amount of the share. Any provision in a will that directly or indirectly determines the amount of the elective share must fall. The statutory apportionment scheme thus controls, and Minn.Stat. § 525.523(ii) (1974) mandates that the share be calculated before the federal estate tax is computed, in accordance with the congressional intent behind the marital deduction.[1]

We therefore affirm the court of appeals.

Affirmed.

---

1. Although using different theories, a majority of state supreme courts have concluded that the share of a surviving spouse should be calculated before federal estate taxes are computed. *See Byars v. Mixon*, 292 Ala. 657, 659–60, 299 So.2d 259, 260–61 (1974) (mandated by state apportionment statute); *Jerome v. Jerome*, 139 Conn. 285, 292–93, 93 A.2d 139, 143 (1952) (tax apportionment clause in will inapplicable; statutory apportionment scheme controls); *In re Fuch's Estate*, 60 So.2d 536, 537 (Fla.1952) (implicitly mandated by state apportionment statute); *In re Estate of Gowling*, 82 Ill.2d 15, 23, 44 Ill.Dec. 297, 301, 411 N.E.2d 266, 270 (1980) (no applicable state apportionment statute; congressional intent therefore controls); *Stoner v. Custer*, 252 Ind. 661, 668, 251 N.E.2d 668, 672 (1969) (full benefit of marital deduction should go to surviving spouse); *Spurrier v. First Nat'l Bank of Wichita, supra* ("taxes" in elective share statute does not include federal estate taxes); *Lincoln Bank & Trust Co. v. Huber*, 240 S.W.2d 89, 91 (Ky.1951) (same); *Bushee v. Bushee*, 303 N.W.2d 320, 322 (N.D.1981) (tax clause in will same as apportionment statute); *In re Estate of Erieg*, 439 Pa. 550, 558–59, 267 A.2d 841, 846 (1970) (tax apportionment clause in will inapplicable;

apportionment statute governs); *Clark v. South Carolina Tax Comm.*, 259 S.C. 161, 167–70, 191 S.E.2d 23, 25–26 (1972) (no state apportionment; congressional intent behind the marital deduction controls); *Alexandria Nat'l Bank v. Thomas*, 213 Va. 620, 624–26, 194 S.E.2d 723, 726–27 (1973) (mandated by state apportionment statute).

Three state supreme courts have held that the elective share must be calculated after the computation of federal estate taxes. *See In re Estate of Glover*, 45 Hawaii 569, 581, 371 P.2d 361, 373 (1962) (no statute apportioning taxes and "equitable apportionment" rejected); *Wachovia Bank and Trust Co. v. Green*, 236 N.C. 654, 659, 73 S.E.2d 879, 883 (1953) (state intestacy statute prescribes electing spouse to receive one-half of "surplus" estate; "surplus" means property left after payment of costs of administration, including federal estate tax); *Will of Uihlein*, 264 Wis. 362, 376–77, 59 N.W.2d 641, 649 (1953) (no apportionment statute enacted; under intestacy statute, surviving spouse's share is one-third of "net estate," which includes deducting amount of federal estate tax).