Gertrude B. HERSON, Plaintiff,

v.

Mollye MILLS, individually and in her capacity as co-executrix of the estate of David L. Herson, deceased, Bernice Nathanson, individually and in her capacity as co-executrix of the estate of David L. Herson, deceased, Joseph Herson, individually and in his capacity as co-executor of the estate of David L. Herson, deceased, Defendants.

Civ. A. No. 3382–62.

United States District Court
District of Columbia.

Sept. 19, 1963.

Sidney S. Sachs, Stanley A. Racoosin and Douglas A. Kahn, Washington, D. C., for plaintiff.

Laurence Levitan, of Levitan, Mason & Weinstein, Washington, D. C., for defendants.

MATTHEWS, District Judge.

David L. Herson died testate on April 20, 1959, survived by his widow, Gertrude B. Herson and three adult children. The widow has brought this suit against the children in their individual capacities and as executors of the decedent's will. Under Section 18–211 of the District of Columbia Code the widow renounced the will of her husband and elected to share in his estate as if he had died intestate. It is undisputed that she is entitled to one-third of the estate. A controversy exists, however, as to how her one-third share is to be computed.

The widow seeks to have the court direct the executors to distribute to her the full amount of her one-third share in her husband's estate without any withholding therefrom to apply on the federal estate tax. On the other hand, the defendants assert that the amount of the widow's statutory one-third share is to be computed after deducting from the decedent's estate the whole of the federal estate tax amounting to $81,892.83. Each side has moved for summary judgment. These motions are the matters now before the court.

At the outset, it is to be noted that there is no express provision in the federal estate tax law or in any law of this jurisdiction which apportions the federal estate tax among the beneficiaries of a decedent's estate or exempts the widow's share from liability.

In general the federal estate tax is a levy imposed upon the transfer of property at death. It is not an inheritance or succession tax, that is, it is not a tax on what devisees, legatees, beneficiaries, or heirs receive, but is a tax on the interest which is shifted or transferred by reason of the death of the owner. The tax is a lien on the decedent's estate before distribution and the executors are liable for its payment. 26 U.S.C.A. §§ 2001, 2002. Y. M. C. A. v. Davis, 264 U.S. 47, 50, 44 S.Ct. 291, 68 L.Ed. 558; New York Trust Co. v. Eisner, 256 U.S. 345, 41 S.Ct. 506, 65 L.Ed. 963; Rogan v. Taylor, 136 F.2d 598 (9th Cir.); Hepburn v. Winthrop, 65 App. D.C. 309, 83 F.2d 566, 105 A.L.R. 310.

In support of her theory that the federal estate tax should not diminish her share in her husband's estate, the plaintiff insists that no part of the federal estate tax of $81,892.93 is attributable to her share of the estate. She asserts that under the "marital deduction" provision of the federal estate tax law, 26 U.S.C.A. § 2056, the value of her husband's estate for tax purposes was determined after deducting from his estate an amount equal to her interest therein; that, therefore, the federal estate tax of $81,892.93 is based on that portion of his estate going exclusively to other beneficiaries.

The federal estate tax law allows various deductions from the estate of a decedent in calculating the amount of the estate by which the federal estate tax is measured. While one of these deductions is the "marital deduction" or interest passing from the decedent to the surviving spouse, nevertheless, the law does not absolve such interest of the surviving spouse from contribution to the tax ultimately imposed. Moreover, in determining the amount of the "marital deduction" in the federal estate tax return the law requires that there shall be taken into account the effect the federal estate tax has on the net value of the surviving spouse's interest. 26 U.S.C.A. § 2056(b) (4) (A).

The intent of Congress was that the federal estate tax should be paid out of the estate as a whole and that the distribution of the remaining estate and the ultimate impact of the federal tax should be determined under the law of the place having the administration of the estate. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106. It is a general rule that where neither the will of the decedent nor the law of the jurisdiction provides otherwise, the burden of the federal estate tax rests, like other administrative expenses, on the general estate and is not apportioned among the beneficiaries of the estate.

716

Mertens' Law of Federal Gift and Estate Taxation, § 30.05, p. 652. The federal estate tax being in the nature of an administration expense is taken from the estate before the property is set off to the beneficiaries. The tax is not a payment as to which the beneficiaries have any concern as it is a charge against the estate and not the legatees or distributees. Hepburn v. Winthrop, 65 App.D.C. 309, 83 F.2d 566.

Finally, a vague claim is made by the widow that a provision in her husband's will supports her concept that the federal estate tax should be met without diminution of her one-third share of her husband's estate. The provision in question reads as follows:

"EIGHTEENTH: My Executors or their survivors shall pay out of my residuary estate, as if they were my debts, all estate and inheritance taxes, by whatever name called, becoming payable because of my death in respect of all property comprising my gross estate for Federal Estate Tax purposes, whether or not such property passes under this Will."

Under his will the decedent left certain personal property to his widow consisting of his automobile, jewelry, household furniture and the like. He gave a legacy of $5,000 to a nephew if the nephew should survive him and be then engaged in a specified employment. He also gave eight small legacies totaling about $1500 to institutions. All the "rest, residue and remainder" of his considerable estate he gave to trustees for the benefit of his widow and their children. It is clear from these circumstances that the federal estate tax must be carved out of assets included in the "rest, residue and remainder" clause of the will.

■ Moreover, that is what the decedent intended by the eighteenth paragraph of his will. This is shown by his direction that there be paid out of his "residuary estate," as if they were his debts, all estate and inheritance taxes, by whatever name called. Under the

District of Columbia Code distribution is made after the debts have been satisfied. See Sections 18–701, 18–530 and 18–607. But whatever may be the decedent's intention by the subject provision in his will, the widow, having renounced the will, takes as if her husband had died intestate, and so cannot claim under the will. In short, she cannot claim under both her renunciation and the will. Merchants National Bank & Trust Co. v. United States, 246 F.2d 410 (7th Cir.); Salvation Army, Inc., v. Hart, 239 Ind. 1, 154 N.E.2d 487; Wachovia Bank & Trust Co. v. Green, 236 N.C. 654, 73 S.E.2d 879.

The motion of the plaintiff for summary judgment will be denied, and that of the defendants will be granted.