**Roland H. DEL MAR**
and
**The Riggs National Bank of Washington, D. C., as Executors of the Estate of Charles Delmar, Deceased, Appellants,**
v.
**UNITED STATES of America, Appellee.**

No. 21055.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 1, 1967.

Decided Jan. 9, 1968.

Petition for Rehearing En Banc Denied Feb. 21, 1968.

Mr. Harry L. Brown, Washington, D. C., with whom Mr. Brackley Shaw, Washington, D. C., was on the brief, for appellants.

Mr. Benjamin M. Parker, Attorney, Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., Lee A. Jackson and Robert N. Anderson, Attorneys, Department of Justice, were on the brief, for appellee. Mr. Richard M. Roberts, Attorney, Department of Justice, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment for the United States in an action for a federal estate tax refund. The relevant facts are stipulated. Mrs. Delmar, dissatisfied with the terms of her husband's will, exercised her option under 18 D.C.Code § 211 (1961) [1] to take one-third [2] of the "surplus" remaining in the estate after the payment of "debts." [3] In computing the estate tax appellants proceeded on the theory that the amount of property which the widow received by her election, and thus the amount eligible for the marital deduction, was a portion of the surplus remaining after the payment of estate taxes. Subsequently, appellants decided that they had improperly allowed the widow's share of the estate to be "reduced" by federal estate taxes since, they reasoned, due to the marital deduction,[4] nothing the widow received contributed to the incurrence of any tax.

This latter assumption, it is argued, follows from the purposes which

---

1. "By renouncing all claim to any and all devises and bequests made to her * * * by the will of her husband * * * the surviving spouse shall be entitled to such share or interest in the real and personal estate of * * * which she * * * would have taken had the deceased spouse died intestate * * *" With slight changes in phraseology, this provision is now 19 D.C.CODE § 113 (1967).

2. 18 D.C.CODE § 703 (1961), now codified in substance in 19 D.C.CODE § 303 (1967).

3. 18 D.C.CODE § 701 (1961), now codified in substance in 20 D.C.CODE § 1901 (1967).

4. INTERNAL REVENUE CODE OF 1954, § 2056.

Congress had in enacting the marital deduction. We agree with appellants that Congress, the national legislature, adopted the marital deduction to provide opportunity for equalization of the tax treatment of estates in common law and community property states. However, we disagree insofar as appellants contend that this purpose of the tax law modifies the meaning of the long-standing local statute wherein Congress provided that in the District of Columbia a dissenting widow could take one-third of the surplus after debts. The correct interpretation of the District of Columbia intestacy statute is set forth in the opinion of Judge Matthews in *Herson v. Mills*, 221 F.Supp. 714 (D.D.C.1963). As the court noted in *Herson*, the District has rejected the doctrine of general equitable apportionment of estate taxes,[5] and in the absence of that doctrine *Herson* concluded that the entire amount of estate tax was deductible as a "debt" before computing the "surplus" in which the widow shares. Other jurisdictions have permitted the result for which appellants contend, either by specific statute or judicial adoption of general equitable apportionment of estate taxes.[6] However, we are not inclined to modify our settled course of decisions—either to upset the general law of decedent's estates in the District of Columbia merely to allow a dissenting widow a larger portion of the estate at the expense of the remaining legatees and the Government, or to carve out a narrow exception for the widow's intestate share, a course which other states have taken only through actions of their legislatures.

If the marital deduction provision of the tax law reflects a policy that Congress considers applicable to govern local law in the District of Columbia, Congress can easily provide a remedy. If Congress has been sluggish as a local legislature in making available to the District of Columbia benefits it has enabled the various legislatures to provide to the citizens of the states and commonwealths, petitions for relief from this anomaly are properly addressed to Congress.

Affirmed.

Circuit Judge SPOTTSWOOD W. ROBINSON, III, did not participate in the disposition of this case.

---

5. Hepburn v. Winthrop, 65 App.D.C. 309, 83 F.2d 566, 105 A.L.R. 310 (1936). A recent reaffirmation is District of Columbia v. Payne, 126 U.S.App.D.C. 47, 374 F.2d 261 (1966).

6. *See* In re Glover's Estate, 371 P.2d 361 (Hawaii 1962) (discussing cases and rejecting equitable apportionment).