OPINION OF THE COURT
Millard L. Midonick, J.
The New York executors of this estate have filed their accounting to which numerous objections have been made by presumptive remaindermen of the residuary trust under the decedent’s will, whose status to object was determined in a prior decision of this court (Matter of Clark, NYU, March 6, 1979, p 11, col 1). The parties have submitted a stipulation of facts and have agreed that the court can determine *18 most of the objections on the basis of the papers submitted, without a hearing, without prejudice to either side’s right to appeal.
The decedent died on October 4,1964, leaving a will dated January 26,1962. At the time of his death, the decedent was a resident of Virginia and was survived by his widow. The decedent’s will was admitted to original probate both in this county and in Virginia. Decedent’s widow successfully exercised a right of election against the will.
There are basically three issues to be determined at this time. The court will first deal with the issue involving the allocation of estate taxes. The objectants contend that the executors improperly allocated all Federal and Virginia estate taxes against the residuary trust and none against the decedent’s widow’s elective share. For the considerations analyzed below, the executors’ allocation is sustained.
The decedent’s assets of approximately $24,000,000 in value at his death consisted primarily of securities located in New York State. The decedent’s will directed New York probate and further directed that the will and its testamentary dispositions be governed by New York law. The decedent devised and bequeathed his Virginia farm and tangible personal property to his widow, created a preresiduary trust for the benefit of his widow and left the residuary in trust for his mother. The widow served and filed a notice of election in New York. The New York Court of Appeals ultimately determined in a landmark decision that the widow was entitled to elect against the will arid to receive such elective share as provided by Virginia law rather than New York law. (Matter of Clark, 21 NY2d 478.) Pursuant to Virginia law, the widow was entitled to receive essentially one half of the decedent’s New York estate outright in lieu of the devise of the Virginia farm and the preresiduary trust under the will. The trust provided for approximately one half of the balance of the estate, the widow being entitled to income and a general testamentary power of appointment.
The decedent’s gross estate for Federal estate tax purposes was valued at $22,138,603; the maximum marital deduction that would have been allowable was $10,133,771; the value of all property passing to decedent’s widow was *19 $9,155,803 which was all allowed as a marital deduction for Federal estate tax purposes. In addition, the estate was obligated to pay an “estate” tax to Virginia. A further discussion and analysis of the Virginia tax situation will be had below after describing the Federal estate tax situation.
The will contained a tax clause which directed that “any and all” estate taxes imposed upon or measured by “property that passes by my will, or otherwise, shall be paid out of the principal of my residuary estate”. As stated above, all Federal and Virginia taxes were charged against the residuary trust created for the benefit of the decedent’s mother, and no part of such taxes were charged against the widow’s elective share. The executors concede, and it is clear, that the widow here cannot claim the benefit of the tax clause of the will because her election against the will is a rejection of the will and all of its provisions. (Cf. First Camden Nat. Bank & Trust Co. v Hiram Lodge No. 81, Free & Accepted Masons, 134 NJ Eq 303, affd 135 NJ Eq 505; cases cited in Ann., 67 ALR3d 199,246, § 5.) Accordingly, applicable State law of tax apportionment must control as to the determination of the question whether the widow’s share bears any of the estate tax burden. The parties agree that Virginia law of apportionment applies, and this court is controlled by that conclusion on the basis of the predominant contacts reasons set forth in the New York State Court of Appeals decision involving this estate. (Matter of Clark, supra.)
The Virginia apportionment statute provides, as does New York’s statute, that estate and inheritance taxes, if the will does not provide otherwise, shall be apportioned to the beneficiaries of the estate: “in the proportion that the value of the property, interest or benefit of each such person bears to the total value of the property, interests and benefits received by all such persons interested in the estate, except that in making such proration each such person shall have the benefit of any [tax] exemptions, deductions and exclusions allowed by such law in respect of such person or the property passing to him”. (Va Code, § 64.1-161.)
With respect to the Federal estate tax paid by the decedent’s estate, there is no dispute over the fact that the entire elective share payable outright to the widow qualified for *20 the marital deduction. The Virginia Supreme Court of Appeals has determined the issue whether Federal estate taxes sháll or shall not be charged against a widow’s statutory elective share clearly in favor of the widow. In Alexandria Nat. Bank v Thomas (213 Va 620) the court determined that the issue of tax allocation was governed by the tax apportionment statute, section 64.1-161 of the Code of Virginia, quoted above. The court stated that the legislative history clearly indicated that the Legislature intended to give a surviving spouse the benefit of the marital deduction allowed under the Federal estate tax law; that Virginia’s apportionment statute is based on the principle that Federal estate taxes should be borne by those who receive property which has been included in the taxable estate, and that property which has not been included in determining the tax shall not bear any part of the tax burden. Accordingly, the objection insofar as it relates to the allocation of Federal estate taxes must be dismissed.
A more difficult question is presented as to the allocation af the Virginia “estate” tax. Virginia has two types of death taxes — an inheritance tax under section 58-152 of the Code of Virginia, and an estate tax under section 58-162 of the Code of Virginia. The estate tax is designed to take full advantage of the credit allowable against the Federal estate tax for the amount of State death taxes imposed on an estate. The estate tax imposed by section 58-162 is equal to the maximum Federal credit for State death taxes where that credit is greater than the inheritance tax which would otherwise be due under section 58-152, and section 58-162 reads as follows: “In every case in which the tax imposed by the preceding sections of this chapter * * * is greater than the tax imposed by this section, this section shall not apply. In every case in which the tax imposed by this section is greater than the tax imposed by the preceding sections of this chapter * * * this section shall apply and such tax so imposed shall be in lieu of the tax imposed by the preceding sections.”
The stipulation of facts and other papers submitted herein show that the Virginia inheritance tax under section 58-152 of the Code of Virginia would have totaled $1,131,084.60 of which the portion thereof attributable to *21 the widow’s share would have totaled $604,501. The Federal State death taxes credit totaled $1,244,678.26 which was the amount assessed against the estate by Virginia according to section 58-162 of the Code of Virginia quoted above. The objectants argue that the apportionment statute has no application to an inheritance tax, and that, under the Virginia apportionment statute (Code of Virginia, § 64.1-161), the widow must bear the inheritance tax imposed on her beneficial share and it is only the Federal estate tax and the additional Virginia “pick-up” tax imposed under section 58-162 that requires apportionment. Apparently, there has been no case in Virginia with respect to this issue of allocation of inheritance tax where there is a “pick-up” estate tax.
By electing against the will, the widow has forfeited any benefits of the will provisions so that the tax clause in the will, which apportions all inheritance and estate taxes against the residuary (mother’s) estate, is inapplicable here. (First Camden Nat. Bank & Trust Co. v Hiram Lodge No. 81, Free & Accepted Masons, supra; cases cited in Ann., 67 ALR3d 199, 245, § 5).
An excellent description of the applicable Virginia inheritance and “estate” tax statutes — sections 58-152 and 58-162 of the Code of Virginia — can be found in a case on an unrelated point, Commonwealth of Virginia,Dept, of Taxation v Lewis (208 Va 221). The case clearly shows that there are two “alternate” taxes in Virginia — the tax imposed under the “pick-up” statute, a tax on the estate; and a tax imposed under the inheritance tax statute — a tax on the beneficiaries’ share. The court agreed with the distinction between the two types of taxes and stated (Commonwealth of Virginia, Dept, of Taxation v Lewis, supra, p 224): “We agree with the Commonwealth’s distinction between an inheritance tax and an estate tax. And we admit that the ‘pick-up’ statute is truly an estate tax, a tax imposed upon the right to transmit property.” Nevertheless, the court disagreed with the Commonwealth’s position that the gift tax credit could not be used to offset the “pick-up” or “estate” tax since the language of the gift tax credit statute refers to an offset against only “inheritance” taxes. The court thus continued by stating (Commonwealth of Virginia, Dept, of *22 Taxation v Lewis, supra, p 224): “The Virginia Legislature saw fit to label the tax imposed under the ‘pick-up’ statute an ‘inheritance’ tax. It applied this label in the words of the statute itself: ‘Such minimum inheritance tax imposed by this State, which is hereby imposed by this chapter * * * [tjhis section shall always be so construed as not to increase the total amount of inheritance taxes, State and [F]ederal, payable upon the estates of decedents * * *.’ (Emphasis supplied; see Code § 58-162, quoted in part in footnote 1, supra.)”
The executors argue that the widow should be relieved from Virginia inheritance taxes to the extent that credit was given to them in the computation of Federal estate tax, since the widow is not burdened with any Federal estate tax as determined above. (But cf. Old Colony Trust Co. v McGowan, 156 Me 138.) This was the finding of the Pennsylvania court in connection with the estate of Babcock referred to in Matter of Babcock v Commissioner of Internal Revenue (234 F2d 837, decided on other issue) in which the Orphan’s Court of Pennsylvania adjudicated that where the entire gross Federal estate tax shown on the return (including the allowable credit for State inheritance tax) was paid for by the will beneficiaries, that no part of that amount was to be borne by the widow, and that the widow could be charged only with any portion of the Pennsylvania inheritance tax attributable to her share which was not absorbed as part of the allowable credit for State death taxes.
The reasoning for the court’s decision in Babcock (supra) can be best understood from that expressed by a case relied upon by the executors and which appears identical to the one at bar. In New York Trust Co. v Doubleday (144 Conn 134), the court exonerated the widow from any Federal or Connecticut estate taxes where Connecticut also had a “pick-up” estate tax equal to the maximum State death taxes credit allowed on the Federal return. The Doubleday court first held that the widow is entitled to the unimpaired benefit of the marital deduction, free of tax. The court then stated as follows (supra, p 145):
“[T]he purpose of the Connecticut estate tax was to make certain that the total of death taxes imposed by this State is *23 large enough to absorb the full credit available against the federal estate tax, without increasing the tax liability to any estate * * * Thus the state estate tax does no more than to divert into the state treasury what would otherwise be taken by the federal government as a part of the federal estate tax.
“The Connecticut estate tax statute, as above noted, adopts as the base for computing the tax 80 per cent of the amount of the basic federal estate tax. Inferentially, then, our statute incorporates within itself the provisions of the federal estate tax statute governing the computation of the federal estate tax, including all of the provisions of the latter statute for exemptions and deductions. It necessarily follows that in applying the proration statute in the case at bar the widow, through the utilization of the marital deduction, is, as to the Connecticut estate tax, in a position identical to that which she occupies as to the federal. Since she is not obligated to pay any part of the latter, she is likewise immune from all obligation as to the former.”
This court agrees with the Babcock and Doubleday courts and holds that the widow here is not chargeable with any portion of the Virginia “inheritance-estate” tax. Accordingly, the objection as to the allocation of Virginia taxes is dismissed.
The second issue which has been submitted to the court for determination on the briefs of the parties concerns whether the New York executors improperly included in the account cash balances which were remitted from the Virginia executors. The respondents-objectants contend that the decedent’s will directed the Virginia executors to transmit the net proceeds of the decedent’s estate in Virginia “to my New York Trustees’ and that, therefore, the New York executors’ account improperly includes cash balances received from Virginia. The Virginia executors accounted in Virginia for the estate located there and the cash balances distributed to the New York executors were distributed pursuant to an order of the Virginia court settling the final account of the Virginia executors. This order directed the transmittal of a total of approximately $150,000 in principal and income to the New York executors and not to the *24 New York trustees. The New York executors and petitioners herein argue that such action was not only proper but was mandated because the Virginia executors could not transmit the Virginia net proceeds to the New York trustees. The decedent’s will provided for two New York trusts — a preresiduary trust for the benefit of his widow and a residuary trust for the benefit of his mother. After the widow elected against the will, only the residuary trust remained to be funded, and it was necessary for the executors rather than the trustees to receive the Virginia net proceeds in order properly to allocate such fund among the various interests of the estate including the widow’s elective share and the respective income beneficiaries of the estate. Accordingly, the objections with respect to this issue are dismissed.
The final issue for determination concerns the reasonableness of the attorneys’ fees paid by the New York executors and shown in the account as paid. The court has considered all of the applicable factors as set forth in Matter of Potts (213 App Div 59, affd 241 NY 593) and Matter of Freeman (34 NY2d 1). The court has read the affidavits of legal services submitted by the attorneys who have been paid and notes that this estate involved complex and extraordinary problems and legal issues, as well as many litigated matters which necessitated highly qualified and expert legal services.
Accordingly, the court determines that the amounts of the fees involved are reasonable and approves of such payments in all respects. The objections with respect to legal fees are dismissed.
In accordance with the agreement of the parties, the account shall be brought down to date and the parties are directed to proceed in accordance with their agreement with respect to the trial of Objection No. 3 which has to do with investment prudence.