**In the Matter of the ESTATE OF Leonard U. SHAPIRO, a/k/a L. U. Shapiro, Decedent.**

**No. C3–84–1684.**

Court of Appeals of Minnesota.

Feb. 19, 1985.

Review Granted April 26, 1985.

Lehan J. Ryan, Thomas E. Lund, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for trustees of Trust B.

Robert J. Tansey, Jr., Glen R. Ayres, Timothy J. Oliver, Stacker & Ravich, Minneapolis, for Bertha Shapiro.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

PARKER, Judge.

The trustees of a family trust established under the will of Leonard Shapiro appeal from an order determining that the share of the surviving spouse, who elected against the will, should not be charged with payment of any federal estate taxes. They contend the clear language of the statute governing elective shares, Minn. Stat. § 525.16 (1974), requires that federal estate taxes be deducted before the elective share is determined. We affirm.

### FACTS

Leonard Shapiro died in March 1974, survived by his wife, Bertha Shapiro, and other relatives. He had no children. The first paragraph of his will provided that all taxes were to be paid from the residuary estate before distribution. He left his house and most of his personal property to Bertha Shapiro and bequeathed $395,000 to friends and relatives. The rest of his estate, approximately $6 million, was to be divided evenly between a marital trust (Trust A) for Bertha Shapiro and a family trust (Trust B) for other relatives. In December 1975 Bertha Shapiro elected to take against the will, and because of her election Trust A was not established.

In June 1975 the personal representatives of the estate filed a federal estate tax return that reflected a marital deduction of $2,757,235, which is the full elective share computed before the deduction of federal estate taxes. The estate owed $1,159,093 in federal estate tax.

About $4 million of the estate has been distributed so far, half to Bertha Shapiro and half to Trust B. Distribution of the rest of the estate depends on how the federal estate taxes are apportioned between them. The personal representatives filed a petition with the Probate Court in June 1978 for instructions on how to apportion the taxes. A decision was deferred until August 1984, however, because of negotiations between the parties on various issues.

The trial court's order, from which the trustees of Trust B appeal, provides that the surviving spouse's share was not to be charged with payment of any federal estate taxes.

### ISSUE

Should the surviving spouse's elective share be calculated before federal estate taxes are deducted, and does a Minnesota tax apportionment statute operate to relieve the elective share of any federal tax burden?

### DISCUSSION

Because Leonard Shapiro died in 1974, statutes in effect at that time govern the resolution of this issue. Surviving spouses are given the option to elect a statutory share of the decedent's estate in Minn.Stat. § 525.212 (1974). When there are no surviving children, the statutory share is one-half the estate. *See* Minn.Stat. § 525.16(3) (1974). The estate is defined as all real and personal property

[e]xcept as provided in [sections relating to descent of cemetary lots and the homestead], and *subject to the* [spousal allowances], and the *payment of the expenses of administration, funeral expenses, expenses of last illness, taxes, and debts* * * *.

Minn.Stat. § 525.16 (emphasis added). The issue presented is thus whether the taxes specified in Minn.Stat. § 525.16 include federal estate taxes.

█ The federal estate tax in 26 U.S.C. § 2001 is a transfer tax on the estate of the decedent rather than an inheritance tax on the beneficiaries. The tax is paid out of the "gross estate," which includes certain nontestamentary property, but state law governs the distribution of the estate and the ultimate impact of the tax. *See Riggs v. Del Drago*, 317 U.S. 95, 97–98, 63 S.Ct. 109, 110–111, 87 L.Ed. 106 (1942). Section 2056 allows a "marital deduction" of up to 50 percent of the value of the decedent's adjusted gross estate for any property passing to a surviving spouse.

Bertha Shapiro's elective share was calculated before the deduction of any federal estate taxes, and her share was completely deducted from the gross estate. The trustees of Trust B contend now that her share should have been calculated after the deduction of federal estate taxes, based on Minn.Stat. § 525.16, so that she pays a proportionate share of taxes on the estate, even though her share generated no part of the tax owed because of the marital deduction.

Bertha Shapiro argues that the word "taxes" in Minn.Stat. § 525.16 should not be interpreted to include federal estate taxes because her elective share generated no part of the tax. She contends that because she elected against the will, a Minnesota apportionment statute gives her the full benefit of the marital deduction, so that her share is not to be charged.

Minn.Stat. § 525.523(ii) (1974) (now Minn. Stat. § 524.3–916) governs the apportionment of federal estate taxes and provides that "any exemption or deduction allowed under the law imposing the tax by reason of the relationship of any person to the decedent * * * shall inure to the benefit of the person bearing such relationship * *." Because the apportionment statute specifically applies to federal estate taxes, Shapiro argues that it should control the more general term in Minn.Stat. § 525.16, which

simply says "taxes" are to be deducted. *See* Minn.Stat. § 645.26 (1974) (when a general provision in a law conflicts with a special provision in another law, the special provision shall control). Shapiro argues that because all the property she received was deducted from the estate for purposes of computing the estate tax, she is to receive the benefit of the marital deduction under Minn.Stat. § 525.523 and should not have to carry any of the tax burden.

However, Minn.Stat. § 525.524 provides: *Any direction as to apportionment* or nonapportionment of the tax, whether contained *in a will* or nontestamentary instrument, *shall be limited* in its operation *to the property passing thereunder unless such will or instrument otherwise directs.*

(Emphasis added). Leonard Shapiro's will directed that all taxes were to be treated as a cost of administering the estate and were to be paid from the residuary estate. It also provided:

My executors shall have no duty * * * to obtain reimbursement for any such tax paid by them even though on proceeds of * * * other property not passing under this will.

Appellants contend that because of this clause the apportionment statute does not apply because the direction in the will controls all property passing outside the will, including the elective share.

█ In our view, resolution of this issue depends solely on whether the tax clause in a will can affect the amount of the statutory elective share. We think it cannot and hold that the apportionment statutes apply and operate to relieve Bertha Shapiro's elective share of any federal estate tax burden.

█ In arriving at this conclusion we first considered the policy behind the elective share and its historic relation to dower. At common law the maxim was "the law favoureth three things: life, liberty and dower." J. Park, *A Treatise on the Law of Dower* 2 & n. 2 (London 1819). The statutory share is a substitute for dower

rights. *In re Estate of Paulson,* 208 Minn. 231, 235, 293 N.W. 607, 609 (1940). As stated by the court,

> [T]he cardinal intent of the legislature in adjusting the reciprocal rights of the husband and wife in the property of each other [is] equality, and protection of each from the acts of the other * * *.

*In re Owsley's Estate,* 122 Minn. 190, 202–03, 142 N.W. 129, 133 (1913). The policy in Minnesota is strong that surviving spouses are to be preferred over all others. *See In re Estate of Paulson,* 208 Minn. at 236, 293 N.W. at 610; *see also Wheaton v. United States,* 471 F.Supp. 972, 977 (D.Minn.1979) (a specific devise to a son abates before a general devise to a widow).

■ Second, an election against the will is a rejection of the will and all of its provisions. The tax clause, which operates otherwise to apportion taxes against the residuary estate, is inapplicable. *Estate of Clark,* 433 N.Y.S.2d 328, 329, 331, 107 Misc.2d 17 (Sur.Ct.1980); *Alexandria National Bank v. Thomas,* 213 Va. 620, 626, 194 S.E.2d 723, 727 (1973); *see also In re Owsley's Estate,* 122 Minn. at 201, 142 N.W. at 133 (a renunciation of the will estops the survivor from claiming thereunder).

■ Third, the purpose of the apportionment statute is to ensure that property which has not been included in the tax does not bear any part of the tax burden. *See Alexandria National Bank v. Thomas,* 213 Va. at 626, 194 S.E.2d at 727 (interpreting a similar statute). It is undisputed that if Leonard Shapiro had died intestate, the tax apportionment statute would apply, and Bertha Shapiro would pay no federal estate taxes because of the marital deduction. *See* Note, *The Minnesota Federal Tax Apportionment Statute: Directing Against Its Application,* 52 Minn.L.Rev. 1288, 1291 (1968). We can think of no valid reason to treat elective and intestate shares any differently. Both are calculated with reference to the same statutes. *See* Minn.Stat. § 525.215 (1974) ("[T]he [elective] share of any surviving spouse in all assets, probate and non-probate, shall * * * be determined

in accordance with the laws of intestacy."). We think the better rule is to treat elective and intestate shares similarly in regard to the apportionment statutes.

■ In so holding we join a number of states whose courts have interpreted similar apportionment statutes to hold that a survivor's statutory share is undiminished by federal estate taxes when that share generated no part of the tax burden. See *Alexandria National Bank v. Thomas,* 213 Va. at 626, 194 S.E.2d at 727 and cases cited. This construction of the statutes also allows them to work together consistently. If a spouse elects against a will, the share is determined in the same manner as an intestate share. If a marital deduction is taken, the spouse receives the benefit of that deduction. The construction urged by appellants would allow a testator to determine the amount of the statutory share, a result we cannot believe was intended by the legislature when it passed the apportionment statutes in 1961.

## DECISION

Bertha Shapiro's elective share is not to be charged with payment of any federal estate taxes because her share was fully deducted when the estate tax was computed.

Affirmed.