**Walter J. ROCKLER, Personal Representative, et al., Appellants,**

**v.**

**Suzanne St. Pierre SEVAREID, Appellee.**

**Nos. 95–PR–1626, 96–PR–204.**

District of Columbia Court of Appeals.

Argued Feb. 12, 1997.
Decided March 20, 1997.

Thomas W. Richardson, Washington, DC, for appellants.

Max O. Truitt, Jr., with whom Stephen H. Sachs and Robert P. Stranahan, Jr., Washington, DC, were on the brief, for appellee.

Before FERREN and REID, Associate Judges, and GALLAGHER, Senior Judge.

REID, Associate Judge:

The will of decedent Eric Sevareid was admitted to probate on July 27, 1992. Subsequently, on October 23, 1992, Mr. Sevareid's spouse, Suzanne St. Pierre Sevareid, filed a renunciation of the bequest made to her under the will and elected, instead, to take her statutory share of the estate pursuant to D.C.Code § 19–113(a) and (e) (1989 Repl.).[1]

---

1. D.C.Code § 19–113(a) and (e) provide in pertinent part:

(a) [A] surviving spouse is, by a devise' or bequest ... barred on any statutory rights or interest he has in the real and personal estate of the deceased spouse or dower rights, as the case may be, unless, within six months after the will of the deceased spouse is admitted to probate, he files in the Probate Court a written renunciation to the following effect:

"I ... renounce and quit all claim to any devise or bequest made to me by the last will of my husband ...; and I elect to take in lieu thereof my legal share of the real and personal estate of my deceased spouse...."

\* \* \*

(e) The legal share of a surviving spouse under subsection (a) ... of this section is such share or interest in the real or personal property of the deceased spouse, including dower if elected in lieu of the legal share in the real estate, as he would have taken if the deceased spouse had died intestate, not to exceed one-half of the net

Mrs. Sevareid's bequest under the will was twenty-two percent of Mr. Sevareid's adjusted gross estate, free of taxes, in trust; her statutory election under § 19–113(a) and (e) increased her share of Mr. Sevareid's estate.[2]

Mrs. Sevareid filed a declaratory judgment complaint and motion for summary judgment on March 7, 1994, seeking a declaration that her intestate share of the estate "should be calculated *before* the payment of Federal estate tax and District of Columbia estate tax. . . ." Mr. Sevareid's adult children by two other marriages, Peter and Michael Sevareid, and Cristina Sevareid Kennedy, who were left the remainder of Mr. Sevareid's estate under his will,[3] and the co-personal representative of the estate (with Peter Sevareid), Walter Rockler, opposed Mrs. Sevareid's motions. They filed a cross-motion for summary judgment in which they maintained that Mrs. Sevareid's elective share of the estate should be subjected to a pro rata share of estate taxes.[4]

On October 17, 1994, the trial court concluded that Mrs. Sevareid's share should not be subjected to a pro rata share of taxes

because: (1) D.C.Code § 19–113(a) and (e) permitted Mrs. Sevareid to renounce her bequest under Mr. Sevareid's will and to take her elective share of her husband's estate; (2) D.C.Code § 47–3714(a) (1990 Repl.),[5] the apportionment statute, provides that a spouse's intestate share should be determined before the payment of federal and District taxes; (3) under D.C.Code § 19–113, a widow who renounces her will bequest, renounces the entire will and takes her share under the law of intestacy; hence, any provision in Mr. Sevareid's will pertaining to the payment of estate taxes would not be applicable; and (4) elective and intestate shares under a will are treated the same under the District's apportionment statute—neither is subject to estate taxes. On November 7, 1995, the trial court denied appellants' motion for reconsideration, sustaining its October decision, and concluding that I.R.S. Reg. § 20.2056(c)–2(c) "provides that if a surviving spouse elects under state law to reject the property left to her by the decedent's will and to take a statutory share of his estate, the property distributed pursuant to the

estate bequeathed and devised by the will, or, if dower is elected, one-half of the net personal property bequeathed and dower in the real estate devised.

2. According to calculations set forth in appellants' brief, Mrs. Sevareid would have received about $861,300 under Mr. Sevareid's will. If her elective share is determined prior to deduction of estate taxes, she would receive approximately $1,380,000. If her elective share is determined after deduction of estate taxes, she would receive around $968,000. Mr. Sevareid left a gross estate valued at approximately $4,400,000. "The purposes of the statutory spousal share are to protect the surviving spouse and to secure a reasonable portion of the deceased spouse's estate." *Sarbacher v. McNamara*, 564 A.2d 701, 704 (D.C.1989) (citation omitted).

3. Article 6(A) of Mr. Sevareid's will provides, "[i]f any issue of mine shall survive me, I GIVE, DEVISE AND BEQUEATH my residuary estate, per stirpes, to such of my issue as shall survive me, subject to the trust provisions hereinafter set forth."

4. According to calculations set forth in appellants' brief, if Mrs. Sevareid had taken the bequest provided for her in Mr. Sevareid's will, each of his children would have received approximately $627,000 after deduction of taxes, or a combined total of about $1,881,100. In light of

Mrs. Sevareid's decision to take her elective share of the estate, each child would receive about $642,000 if taxes were deducted prior to the calculation of the elective share, or a combined total of approximately $1,926,000. If the elective share were free of estate taxes, each child would receive about $530,000, or a combined total of approximately $1,590,000.

5. D.C.Code § 47–3714 provides in pertinent part:

(a) Except as may be otherwise provided in the decedent's will, whenever it appears upon any settlement of accounts or in any other appropriate action or proceeding that a person acting in a fiduciary capacity has paid an estate tax levied or assessed under the provisions of the estate tax law of the District or the United States upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of either law, the amount of the tax so paid shall be prorated among the persons interested in the estate to whom the property is or may be transferred or to whom any benefit accrues. Apportionment shall be made in the proportion that the value of the property, interest, or benefit of each person bears to the total value of the property, interests, and benefits received by all persons interested in the estate, except that in making proration each person shall have the benefit of any exemptions, deductions, and exclusions allowed by law in respect of the persons or the property passing to him or her.

right of election passes from the decedent to the surviving spouse and qualifies for the marital deduction.".

Appellants contend that, under the apportionment statute, Mr. Sevareid's will determines who should bear the burden of the federal and District estate taxes. They rely on the introductory clause in D.C.Code § 47–3714(a) which states, "[e]xcept as may be otherwise provided in decedent's will...." They point to Article 10(A) of his will which provides in pertinent part:

> I DIRECT that all legacy, inheritance, estate, succession, transfer and death taxes or duties ... levied, assessed or imposed with respect to property by reason of my death *(whether passing under this, my Will, or otherwise) shall be paid out of my residuary estate as an administrative expense. I DIRECT that there shall be no apportionment of such taxes or duties as might otherwise be required by law.*

(Emphasis added). Appellants argue that because the will manifestly directs that taxes shall not be apportioned, as would otherwise be the case under D.C. law (the apportionment statute), Mrs. Sevareid's elective share is deemed part of the residuary estate for tax purposes and thus, like the children's shares, is subject to estate taxes.

Mrs. Sevareid argues that her elective share of Mr. Sevareid's estate is not subject to estate taxes because the statutory provisions governing intestacy preclude application of the will, in any respect, to her elective share, and hence the apportionment statute applies, granting her the benefit of the marital deduction that precludes imposition of estate taxes. She relies on that part of the apportionment statute providing, "each person shall have the benefit of any exemptions, deductions and exclusions allowed by law in respect of ... the property passing to ... her." She accordingly claims the benefit of

26 U.S.C. § 2056(a) (1994) pertaining to a marital deduction from federal estate taxes.[6] Moreover, she maintains, appellants' position ignores Article 5(A) of Mr. Sevareid's will which states in relevant part, "in no event shall taxes or duties of the nature described in Article TENTH of this, my Will, be deducted in determining [my wife's share of the estate]."

## ANALYSIS

We review this matter *de novo*. Our role is to "determin[e] whether the trial court properly concluded there was no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Urban Masonry Corp. v. N & N Contractors, Inc.*, 676 A.2d 26, 30 (D.C.1996) (citing *Northbrook Ins. Co. v. United Servs. Auto. Ass'n*, 626 A.2d 915, 917 (D.C.1993)).

Since Mrs. Sevareid invoked D.C.Code § 19–113(a) and (e) to renounce the bequest made to her under Mr. Sevareid's will, and because Mr. Sevareid had children, she was entitled to one-third of her husband's estate under D.C.Code § 19–303 (1989 Repl.).[7] The central issue in this case, however, is whether Mrs. Sevareid's elective share of the estate must be subjected to the apportionment of federal and District estate taxes under D.C.Code § 47–3714.

In general, the apportionment statute requires estate taxes to be shared by persons having an interest in the decedent's estate; apportionment is in accordance with the value of each person's particular interest. However, a person's will, as well as exemptions, deductions or exclusions permitted by law, may affect the general practice of apportionment. When the bill containing the apportionment statute was under consideration by the Council of the District of Columbia, the

---

6. 26 U.S.C. § 2056 provides:

   (a) Allowance of marital deduction
   For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsection (b), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the

extent that such interest is included in determining the value of the gross estate.

7. Under D.C.Code § 19–113(e), Mrs. Sevareid will take the share of her husband's estate that she would be entitled to had he died intestate. D.C.Code § 19–303 provides, "When the intestate leaves a surviving spouse and a child, or a descendant of a child, the surviving spouse is entitled to one-third."

Report of the Committee on Finance and Revenue described the Council's concern for surviving spouses: "The Committee believes that [the legislation] will treat surviving spouses in a more equitable manner and the well-being of District citizens and families is better served by this change." Report of the Committee on Finance and Revenue on Bill 6–372, "Inheritance and Estate Tax Revision Act of 1986," September 16, 1986, at 6.[8] The Report of the Committee also stated,

> [T]he estate tax contained in Bill 6–372 would provide greatly needed tax relief to surviving spouses and small to medium sized estates. The federal estate tax provides for an unlimited marital deduction. This means that there is no federal tax imposed on all or any portion of an estate which passes to a surviving spouse. Under the estate tax in Bill 6–372 there would, likewise be no District tax imposed on all or any portion of an estate which passes to a surviving spouse. Such a cost savings would help both older surviving spouses and surviving spouses with families still to raise face the financial concerns attendant upon the death of a spouse.

*Id.* at 5. In the "section-by-section analysis" of Bill 6–372, the Committee explained the apportionment provision as follows:

> Section 15 requires the apportionment of the estate tax pro rata among the persons interested in the estate to whom the property subject to the tax is or may be transferred or to whom any benefit accrues, unless the decedent's will provides otherwise. Each such person shall have the benefit of any exemptions, deductions and exclusions allowed to him [or her].

**8.** Later in its report, the Committee on Finance and Revenue again expressed concern both for the surviving spouse, and for the surviving children (apparently minor children):

> Current District law generally requires that the estate tax must be paid out of the residue of the estate. In a large number of estates, specific bequests are made to a few close friends and relatives with the residue of the estate going to surviving spouse or children. In this instance, the Committee believes that it is inequitable to require the surviving spouse or children to bear the estate tax attributable to the specific bequests left to friends and other relatives. Indeed, the most equitable treatment for all concerned is to require each person receiving

*Id.* at 3. From this legislative history, there is no conclusive indication that the Council intended to permit a will to erase the exemption, deduction or exclusion provided in D.C.Code § 47–3714.[9]

■ Nonetheless, appellants argue that the will provisions should be applied with respect to the estate tax issue. It should be noted, however, that the provisions in Mr. Sevareid's will relating to taxes are ambiguous when read together. Article 5(A) of the will provides in pertinent part, "in no event shall taxes or duties of the nature described in article TENTH of this, my Will, be deducted in determining my Wife's Trust." However, Article 10(A) of the will specifies that estate taxes are to be paid out of the residuary estate "(whether passing under [the will], or otherwise)," and "that there shall be no apportionment of such taxes or duties as might otherwise be required by law." Given Article 5(B)(7) of the will, which expresses the expectation that the personal representative "will elect to minimize the estate tax," and assuming *arguendo* that the will provisions control the determination of how the estate tax burden is to be allocated, the ambiguity might well be resolved in favor of Mrs. Sevareid so that the estate could benefit from the marital deduction. However, the estate tax issue is controlled by statute, not by the will.

Under D.C.Code § 19–113(a) and (e), Mrs. Sevareid renounced her husband's will and took her share of his estate, as though he had died intestate. By statute, D.C.Code § 19–303, her share is one-third of the estate.

> assets of the estate to bear the burden of the tax attributable to the value of the assets he or she receives.
> *Id.*

**9.** The Committee report did recognize the possibility that a will provision could govern the payment of estate taxes: "The Committee endorses the adoption of the apportionment provision in the belief that it will result in a more equitable sharing of the estate tax burden, and will further protect the interests of surviving spouses and children. Even with the apportionment requirement, however, an individual is free to provide for a different method of payment of the estate taxes in his will." Report of the Committee on Finance and Revenue, *supra,* at 7.

When Mrs. Sevareid decided to take her elective share, Mr. Sevareid's will became inapplicable to her. In *Del Mar v. United States,* 129 U.S.App. D.C. 51, 53, 390 F.2d 466, 468, *cert. denied,* 393 U.S. 828, 89 S.Ct. 92, 21 L.Ed.2d 99 (1968), the court concluded that "[t]he correct interpretation of the District of Columbia intestacy statute is set forth in ... *Herson v. Mills,* 221 F.Supp. 714 (D.D.C.1963)." In *Herson,* the court stated, "[b]ut whatever may be the decedent's intention by the subject provision in his will, the widow, having renounced the will, takes as if her husband had died intestate, and so cannot claim under the will. In short, she cannot claim under both her renunciation and the will." 221 F.Supp. at 716 (citations omitted).[10] Accordingly, here, Mrs. Sevareid's obligation, if any, to pay estate taxes is determined not by any provision in Mr. Sevareid's will, but by statutory provisions governing intestacy.

Appellants contend that Mrs. Sevareid renounced only her bequest under Mr. Sevareid's will, not the will itself. It is true that the statutory renunciation form set forth in D.C.Code § 19–113(a) states, "I ... renounce and quit all claim to any devise or bequest made to me by the last will of my husband...." However, this same statutory re-

nunciation form existed in 1959 when the testator in *Herson* died, and in 1963 when *Herson* was decided. *See* D.C.Code § 18–211 (1959 Supp.; 1963 Supp.). Nonetheless, the court in *Herson* concluded that the surviving spouse renounced "the will," not simply the devise or bequest.

■ We conclude, then, that under D.C.Code §§ 19–303 and –113(a) and (e), Mrs. Sevareid's elective share is equivalent to an intestate share of her husband's estate; it is therefore subject to the apportionment statute, D.C.Code § 47–3714 and not to the will; and thus, by virtue of the marital deduction recognized in the apportionment statute, is not subject to federal or District estate taxes.[11]

Nothing in the particular language of *Del Mar* and *Herson,*[12] relied upon by appellants undermines our conclusion. Those cases were decided prior to the enactment of the District's apportionment statute. Both *Del Mar* and *Herson* specifically recognized that, at that time, the District had no apportionment statute. The court in *Del Mar* stated, "[a]s the court noted in *Herson,* the District has rejected the doctrine of general equitable apportionment of estate taxes, and in the absence of that doctrine *Herson* concluded

10. In *Herson,* decided prior to the enactment of the District's apportionment statute, the surviving spouse claimed that a provision in her husband's will was designed to preclude her payment of any estate taxes out of her one-third share of his estate.

11. Our conclusion is consistent with that in *In the Matter of the Estate of Leonard U. Shapiro,* 362 N.W.2d 390 (Minn.App.1985), *aff'd,* 380 N.W.2d 796 (Minn.1986), where the Minnesota courts resolved the virtually identical issue facing us here. There, the husband's will bequeathed a trust to his wife. The will stated that all taxes were to be paid out of the residuary estate. The wife elected to take her statutory share of the estate. The applicable Minnesota statutes authorized any exemptions or deductions from the estate tax that the law allowed; and also specified that *"[a]ny direction as to apportionment* or nonapportionment of the tax ... *shall be limited* in its operation *to the property passing thereunder unless such will or instrument otherwise directs."* 362 N.W.2d at 393 (emphasis in original). The Minnesota Supreme Court concluded that "[a]ny provision in a will that directly or indirectly determines the amount of the elective share must fall. The *statutory apportionment scheme* ...

mandates that the [elective] share be calculated before the federal estate tax is computed, in accordance with the congressional intent behind the marital deduction." 380 N.W.2d at 801. In a footnote, the court pointed out, with citations, that "a majority of state supreme courts have concluded that the share of a surviving spouse should be calculated before federal estate taxes are computed." *Id.,* at 801 n. 1.

Appellants argue that children may be subjected to inequities under an interpretation of the apportionment statute which permits a surviving spouse to take his or her share of the deceased spouse's estate free of estate taxes. To the extent that inequities may result, the task of curing them rests with the legislature, not the judicial branch of government.

12. Decisions of the Probate Division of the trial court cited by the parties are not binding on us. These include *Estate of Dallas L. Siegrist,* No. 138–90 (D.C.Super.Ct. February 5, 1992) (charitable legatees required to pay their pro rata share of estate taxes because of a will provision); *Estate of Benjamin W. Guy II,* No. 1672–87 (D.C.Super. Ct. April 18, 1988) (wife's intestate share of decedent's estate who died intestate not subjected to estate taxes).

that the entire amount of estate tax was deductible as a 'debt' before computing the 'surplus' in which the widow shares." 129 U.S.App. D.C. at 53, 390 F.2d at 468.[13]

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*Affirmed.*

---

**13.** The court in *Herson* said, "At the outset, it is to be noted that there is no express provision in the federal estate tax law or in any law of this jurisdiction which apportions the federal estate tax among the beneficiaries of a decedent's estate or exempts the widow's share from liability." 221 F.Supp. at 715.