(135 P.3d 216)
No. 94,711

In the Matter of the Estate of NORMAN B. HJERSTED, Deceased.

Opinion filed June 2, 2006.

*Byron E. Springer, William N. Fleming,* and *Terrence J. Campbell,* of Barber Emerson, L.C., of Lawrence, for appellant.

*Michael R. Ong* and *Michelle M. Burge,* of Law Office of Michael Ong, P.A. of Leawood, for appellee.

Before RULON, C.J., ELLIOTT and GREENE, JJ.

GREENE, J.: Lawrence Hjersted, executor of the Estate of Norman B. Hjersted, appeals the district court's refusal to deduct a gift tax assessment from the probate estate for purposes of determining the amount of the unsatisfied elective share of Norman's surviving spouse, Maryam Hjersted. We reverse, concluding that the assessment was a liability that accrued during the life of the donor and must be deducted as an enforceable demand against the probate estate.

The detailed factual and procedural background underlying this appeal is set forth in our opinion in the companion case, *In re Estate of Hjersted,* 35 Kan. App. 2d 778, 135 P.3d 202 (2006). Suffice it to say for purposes of this appeal that following the orders of the district court at issue in the companion case, and in January 2005, the Internal Revenue Service (IRS) assessed a gift tax in the amount of $509,818 based upon the district court's valuation of a nonprobate transaction that occurred in March 2000. Although the decedent had reported the value of the gift as $675,000, the district

court's valuation of the same transaction at $1,770,536 triggered the additional gift tax liability.

Lawrence, in his capacity as executor, petitioned the district court to deduct the unpaid gift tax assessment in determining the value of the surviving spouse's unsatisfied elective share. The district court held a nonevidentiary hearing on Lawrence's petition and then made the following ruling denying Lawrence's petition:

"The Court will find that the gift tax should not be included in the value of the probate estate inasmuch as it was a transfer made within 2 years of death. Therefore, it's more akin to a death tax than a gift tax, because the only events that triggered a reevaluation of the transfer or gift was the petition for elective share and therefore, it was the post-death actions that created the increased value which then created the gift tax. Therefore, it should not be included in the value of the probate estate. As it is more akin to an estate tax, under the circumstances as it played out in this case."

Lawrence appeals.

Resolution of this issue requires the construction of various state and federal statutes. Accordingly, we exercise de novo review. See *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004).

Lawrence argues that the IRS's gift tax assessment was a debt incurred by Norman at the time of the gift and was, therefore, deductible from the probate estate as an enforceable demand pursuant to the plain language of K.S.A. 59-6a204. Maryam argues that the district court correctly refused to deduct the assessment from the estate based on its construction and application of the term "demands" in the Kansas elective share statutes, which term she argues "was not intended to, and does not, include unpaid gift tax liability of a decedent."

For support of his argument that the federal gift tax assessment qualified as an enforceable demand under K.S.A. 59-6a204, Lawrence refers this court to 26 U.S.C. § 2502(c) (2000), which provides that the federal gift "tax imposed by section 2501 shall be paid by the donor." Lawrence also cites the following Treasury Regulation speaking to the liabilities associated with gift tax:

"Section 2502(d) [now § 2502(c)] provides that the donor shall pay the tax. If the donor dies before the tax is paid the amount of the tax is a debt due the United

States from the decedent's estate and his executor or administrator is responsible for its payment out of the estate." 26 C.F.R. § 25.2502-2 (2005).

Maryam takes issue with Lawrence's reliance on federal tax law, arguing such merely determines the taxability of interests and rights in property. See *Estate of Davenport v. C.I.R.*, 184 F.3d 1176, 1182 (10th Cir. 1999) (" '[A]lthough state law creates legal interests and rights in property, federal law determines whether and to what extent those interests will be taxed.' "). Maryam relies instead on Kansas case law pertaining to the treatment of *estate* taxes; in doing so, she equates gift taxes with estate taxes, referring to them generically as "transfer" taxes. Additionally, in defending the district court's refusal to deduct the gift tax assessment from the probate estate, Maryam refers this court to the Kansas Estate Tax Apportionment Act ("KETAA"), K.S.A. 2005 Supp. 79-15,126 *et seq.*, which, by virtue of the federal marital deduction, generally prohibits a surviving spouse from being charged with estate taxes on property transferred to him or her upon the decedent's death. See 26 U.S.C. § 2056(a) (2000); K.S.A. 2005 Supp. 79-15,126(b), (d).

We disagree with Maryam's attempt to characterize this gift tax assessment as akin to estate taxes. Her citations to *Spurrier v. First National Bank of Wichita*, 207 Kan. 406, 408-10, 485 P.2d 209 (1971), and *Jackson v. Jackson*, 217 Kan. 448, 451, 536 P.2d 1400 (1975), are not persuasive because both cases address issues surrounding treatment of estate taxes, not gift taxes.

Lawrence cites, and we agree with, an opinion of the Indiana Supreme Court recognizing the distinction between these two forms of taxation:

"It is of great importance that a distinction be drawn between unpaid gift taxes as charges against the estate, and estate and inheritance taxes which are incurred due to the inclusion of said gifts in the taxable estate. Unpaid gift taxes are no more than debts of the estate . . . . On the other hand, the estate taxes generated by property not part of the probate estate but included in the estate for tax purposes must be apportioned among the recipients of such property. [Citation omitted.]" *Stoner v. Custer*, 252 Ind. 661, 668, 251 N.E.2d 668 (1969).

It is clear from a plain reading of the relevant IRS provisions that a gift tax imposed pursuant to 26 U.S.C. § 2501 (2000) is the

liability of the donor. Treasury Regulations direct that upon a decedent's passing, an unpaid gift tax assessment becomes a debt of the decedent's estate. 26 C.F.R. § 25.2502-2 (2005). When these provisions are read in tandem with Kansas' elective share statutes, a surviving spouse is not shielded from incurring any liability for the decedent's unpaid gift tax. Rather, there is no indication such a debt should be considered anything other than an enforceable demand, which is deductible from the probate estate pursuant to K.S.A. 59-6a204. Accordingly, we conclude the district court erred in refusing to deduct Norman's outstanding gift tax assessment, from the probate estate for purposes of calculating Maryam's unsatisfied elective share.

We reverse the district court and remand with directions to deduct the gift tax assessment, subject only to the outcome of Lawrence's appeal of the IRS assessment, and to recalculate the unsatisfied elective share.

Reversed and remanded with directions.